HENRY M. FOX vs. ARTESIAN WELL & SUPPLY COMPANY.

MAY 11, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Error and Appeal.  Review.  Exceptions.  Removing Default.  Judgments.*

Art. XII of Amendments to Cons. R. I., Section 1, provides that "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity."

Gen. Laws, 1909, cap. 272, § 2, provides "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided."

*Held*, that the court had jurisdiction to entertain a bill of exceptions based on an alleged abuse of judicial discretion in vacating a *nil dicit* judgment in the Superior Court.

TRESPASS ON THE CASE for negligence. Heard on motion of defendant to dismiss plaintiff's bill of exceptions, and denied.

PER CURIAM. The plaintiff obtained a *nil dicit* judgment against the defendant in the Superior Court which was vacated by said court upon motion of and for cause shown by the defendant, within six months from the rendition of said judgment. To this action of the court the plaintiff excepted and has prosecuted his bill of exceptions to this court. The defendant moves to dismiss said bill of exceptions upon the ground that the action of the Superior Court in vacating said judgment is final and conclusive and not subject to review by this court. The plaintiff claims that the judge of the Superior Court who caused said judgment to be vacated as aforesaid, in so doing did not exercise, but did abuse his judicial discretion in the premises. Under Art. XII of Amendments to the Constitution of Rhode Island, Section 1.: "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity," . . . and under Gen. Laws, 1909, cap. 272, § 2: "The supreme court shall

have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided." . . . Thereunder this court has jurisdiction to entertain a bill of exceptions brought for the purpose of correcting alleged "errors or abuses" in the Superior Court. The bill of exceptions in question is brought for the correction of an alleged abuse of judicial discretion by a justice of the Superior Court and comes within the purview of the statute aforesaid.

The defendant's motion to dismiss is therefore denied.