*William H. Edwards, Edwards & Angell,* for plaintiff.
*Frank H. Bellin,* for defendant.

---

## JOHN F. NELEN *vs.* CHARLES WELLS.

### FEBRUARY 29, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Judgments. Removing Default.*

Petitions under sec. 2, chap. 294, Gen. Laws, 1909, to remove default judgments, are addressed to the judicial discretion of the court and the appellate court will not set aside the determination of the inferior court unless it appears that it abused its discretion or based its determination upon an error of law.

*(2) Judgments. Removing Default.*

The action of the trial court in removing a default and vacating the judgment without receiving any evidence tending to show that defendant had a *prima facie* meritorious defence which he in good faith desired to present in a trial of the cause, was error.

ASSUMPSIT. Heard on exception of plaintiff and sustained.

RATHBUN, J. This cause is before us on the plaintiff's exception to the action of a justice of the Superior Court in vacating a judgment and removing a default after the entry of said judgment in the plaintiff's favor.

The suit was brought in the Superior Court to recover money alleged to be due on book account and on an account stated. On January 20, 1923, the case was duly assigned for trial on February 28, 1923. The defendant not appearing on said date the case was called and the defendant was defaulted. On March 3, 1923, the plaintiff proved his claim before a justice of said court who assessed the damages and ordered judgment entered for the plaintiff for $669.50. On March 7, 1923, an execution for the amount of the judgment was issued and placed in the hands of the sheriff

who on March 8, 1923 demanded payment of the defendant. On March 20, 1923, the defendant filed a motion that the judgment by default be vacated and execution recalled. Said motion was granted by a justice of said court and the plaintiff, excepting, brought the case to this court. At the hearing before us the defendant did not appear either personally or by counsel. The defendant was seeking to obtain the relief provided for by Section 2, Chapter 294, Gen. Laws, 1909. Said section provides that a court which has entered a judgment by default may, within six months for cause shown, set aside the same and reinstate the cause. Petitions based on said section are submitted to the judicial discretion of the court, and this court upon review will not set aside the determination of the inferior court upon such a petition, unless it appears that the inferior court abused its discretion or based its determination upon an error of law. *McKenzie* v. *R. I. Hospital Trust Co.*, 45 R. I. 407; *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458; *Fox* v. *Artesian Well and Supply Co.*, 34 R. I. 260; *Bank* v. *Inman*, 34 R. I. 391.

In the motion to remove default the defendant did not state the nature of his defense or that he had a defense to the action. At the hearing of said motion the defendant filed an affidavit alleging that he had a defense but not stating of what it consisted. The affidavit contains the statement that the defendant was not informed until after the default that the case was assigned for trial. Defendant's counsel knew that the case was regularly assigned and was in order for trial on said February 28th. He was present in court at the calling of the daily calendar on said date and represented that he had been unsuccessful in his attempt to communicate with his client. Said justice granted the motion to vacate the judgment and take off the default without receiving any evidence whatever tending to show that the defendant had a *prima facie* meritorious defense which he, in good faith, desired to

present in a trial of the cause.   In *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co., supra,* this court said, "we would not prescribe the form of petition to be entertained in the Superior Court.   We think, however, as has been the practice here, that before relief is granted by that court it should be made to appear that the petitioner has a defense which is *prima facie* meritorious, and which in good faith he desires to present at the trial if one be granted to him.   .   .   .   It was the duty of the Superior Court to determine whether or not the defense urged was frivolous or was one that amounted to a defense in law, and whether or not it was being urged in good faith."

(2)

It was error to grant said motion without first judicially determining that the defendant had a *prima facie* meritorious defense and that he in good faith desired to present it at a trial of the case.   A judicial discretion cannot be exercised without a knowledge of the facts involved.   As was pointed out in *Bank* v. *Inman, supra,* and *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* the court in passing upon motions of this nature should not receive evidence for the purpose of determining whether the defense should prevail at a trial.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for further proceedings following the judgment.

*Cooney & Cooney,* for plaintiff.
*John P. Hartigan,* for defendant.