**GARCIA v. HILTON HOTELS INTERNATIONAL, Inc.**

No. 6155.

United States District Court
D. Puerto Rico, San Juan Division.

May 8, 1951.

Elmer Toro Luchetti, San Juan, Puerto Rico, for plaintiff.

McConnell & Valdes, San Juan, Puerto Rico, for defendant.

ROBERTS, District Judge.

The action here is for damages for defamation brought by plaintiff, a citizen and resident of Puerto Rico, against defendant, a Delaware corporation, in the District Court of Puerto Rico and removed to this Court by defendant corporation. The complaint sets forth two causes of action and the paragraphs considered herein are identical in each cause. Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted and, in the alternative, to strike Paragraphs 5, 6, 7 and 8 and for a more definite statement.

In supoprt of its motion to dismiss, defendant contends that no publication of the alleged slanderous statement is alleged and that the complaint, therefore, fails to state a cause of action. This contention will be considered first with respect to Paragraph 4 of the complaint, which reads as follows: "4. On August 22, 1950, the plaintiff was violently discharged by the defendant, being falsely and slanderously accused of being engaged in bringing women from outside the Hotel and introducing them into the rooms thereof for the purpose of developing prostitution in the Hotel and that such women brought by him from outside the Hotel and introduced therein carried on acts of prostitution in said Hotel."

The motion to dismiss contemplated in Fed.Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.A., is not concerned with failure of the pleader to state a cause of action, but only with failure to state a claim upon which relief can be granted. There is an obvious distinction between stating a cause of action and stating a claim upon which relief can be granted. It is clear from the terms of rule 8(a) that a pleader is required to set forth only "a short plain statement of the claim showing that the pleader is entitled to relief," and there is no *pleading* requirement that the pleader state a cause of action upon peril of having his complaint dismissed. "If a claim is stated which shows that the pleader is entitled to relief, it is enough to require the service of a responsive pleading; whether a cause of action can be and has been established is for the determination of the trial judge." Van Kirk v. Campbell, D.C., 7 F.R.D. 231, 232. In Dioguardi v. Durning, 139 F.2d 774, at page 775, the Court of Appeals of the Second Circuit said; " * * * Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c; and the motion for dismissal under Rule 12(b) is for failure to state 'a claim upon which relief can be granted.' "

The controlling question here, with respect to the motion to dismiss, is whether the allegations of Paragraph 4 of the com-

plaint, state a claim upon which relief can be granted. An examination of the authorities is persuasive that is does. It is settled, with respect to motions to dismiss for insufficiency of statement, that the complaint is to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true. If, when a complaint is so considered, it reasonably may be anticipated that plaintiff, on the basis of what has been alleged, could make out a case at trial entitling him to some relief, the complaint should not be dismissed. Asher v. Ruppa, 7 Cir., 173 F.2d 10, 12. This view of the law is supported in Manosky v. Bethlehem-Hingham Shipyard, Inc., 177 F.2d 529, at page 531, where the Court of Appeals of the First Circuit said; " * * * It is true, the complaint did not in so many words allege that Manosky and Sheppard were engaged in the production of goods for interstate commerce. But this is not fatal. Castaing v. Puerto Rican American Sugar Refinery, Inc., 1 Cir., 1944, 145 F.2d 403. As stated in 2 Moore's Federal Practice (2d Ed.) par. 8.13, p. 1653, 'the courts have ruled time and again that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' "

Further, it has been a long recognized and generally accepted policy of the courts to look with disfavor upon the practice of terminating litigation, believed to be without merit, by dismissing the complaint for insufficiency of statement. See, Tyler Fixture Corporation v. Dun & Bradstreet, Inc., D.C., 3 F.R.D. 258, citing Winget v. Rockwood, 8 Cir., 69 F.2d 326 and Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302. In that case, the District Court quoted with approval from Winget v. Rockwood, supra, [69 F.2d 329] as follows: " * * * To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * *

"That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill."

In the instant case, it is true that Paragraph 4, of the complaint, fails to state, in so many words, that there was a publication of the alleged slanderous utterance and, to that extent, the cause of action is defectively stated. However, it does not follow that the allegations do not state a claim upon which relief can be granted. It is alleged that plaintiff was "violently discharged" and was "falsely and slanderously accused" of procuring for prostitution. While in a technical sense, this language states a conclusion, it is clear that plaintiff used it intending to charge publication of the slanderous utterance and it would be unrealistic for defendant to claim that it does not so understand the allegations. See, Edelman v. Locker, D.C., 6 F.R.D. 272, 274. Clearly, under such allegations it reasonably may be conceived that plaintiff, upon trial, could adduce evidence tending to prove a publication. If the provisions of rule 8(a) are not to be negatived by recourse to rule 12(b), the statement in Paragraph 4 of the complaint must be deemed sufficient.

In further support of its motion to dismiss, defendant contends that the alleged slanderous utterance was conditionally privileged. Conceding that to be so does not require that a different conclusion be reached with respect to the motion to dismiss. Rule 12(b) requires that every defense in law or fact be asserted in a responsive pleading when one is required or permitted under the rules. The rule, however, enumerates certain defenses which may be asserted by motion to dismiss, all

of which go to the jurisdiction except that of failure to state a claim upon which relief can be granted, rule 12(b)(6). And this latter defense may be asserted successfully by a motion prior to responsive pleading only when it appears to a certainty that plaintiff would be entitled to no relief under any state of fact which could be proved in support of the claim asserted by him. Manosky v. Bethlehem-Hingham Shipyard, Inc., supra; Glover v. Lee, Higginson Corp., D.C., 95 F.Supp. 504; J. W. Terteling & Sons v. Central Nebraska etc., District, D.C., 8 F.R.D. 210.

■ The conclusiveness of privilege as a defense depends upon whether the privilege involved in absolute or conditional. When the privilege involved is absolute, it constitutes a finally determinative or conclusive defense to an action based on the utterance. Consequently, when it appears from a complaint that absolute privilege exists, the defense of failure to state a claim properly may be asserted to accomplish a dismissal on motion under rule 12(b). It is for the court to determine the existence of privilege and when absolute privilege is found, it constitutes an unassailable defense and, clearly, in such a case, the claim stated is one upon which relief cannot be granted.

■ But conditional privilege is not a conclusive defense to an action based on a slanderous utterance. It is but a qualified defense which may be lost to the defendant if plaintiff can prove abuse of the privilege or actual malice. "Qualified privilege is an affirmative defense and a defendant cannot get the benefit of this defense unless he sets it up in his answer as an affirmative defense." Lesesne v. Willingham, D.C., 83 F.Supp. 918, 919, 922. When from the allegations contained therein, a complaint indicates the availability of the defense of conditional privilege, it cannot be held therefrom as a matter of law, that there has been a failure to state a claim upon which relief can be granted, such as will warrant dismissal of the complaint on motion under rule 12(b)(6), for the factual question remains whether defendant abused

the privilege or made the communication maliciously. See, Riley v. Dun & Bradstreet, Inc., 6 Cir., 172 F.2d 303; Crowell-Collier Pub. Co. v. Caldwell, 5 Cir., 170 F. 2d 941.

■ As has been noted, on motion to dismiss for failure to state a claim, complaint must be construed in the light most favorable to plaintiff with all doubts resolved in his favor and the allegation taken as true. That being so, when allegations are sufficient to sustain the defense of conditional privilege they will be, generally, sufficient to permit the introduction of evidence tending to prove abuse of the privilege or actual malice. Save in some extraordinary situation, allegations which are adequate for the admission of evidence to prove the defense of qualified privilege are adequate for the admission of evidence to negative that defense. It appears from the complaint in the instant case that defendant is entitled to raise the defense of conditional privilege. But this defense may be lost to it if plaintiff proves abuse of the privilege or actual malice. And, clearly, plaintiff may introduce evidence under the allegations for the purpose of proving abuse of the privilege or actual malice. Therefore, it is concluded that defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted should be denied.

The conclusion to deny defendant's motion to dismiss requires that consideration be given its alternative motion to strike Paragraphs 5, 6, 7 and 8 of the complaint. It is alleged in these paragraphs, in substance, that upon being discharged, plaintiff made claim with the Labor Department of Puerto Rico for severance pay and overtime as is provided for by law (Section 20, Organic Act of Labor Department of Puerto Rico, approved April 14, 1931); that during a hearing on such claim held by the Labor Department, defendant, falsely and slanderously, repeated its charge that plaintiff had been engaged in procuring for prostitution; and, that, after said hearing defendant had compromised plaintiff's claim for severance pay and overtime. As respects defendant's motion to strike,

the controlling allegations are contained in Paragraph 7 of this complaint.

Section 4 of "An Act Authorizing Civil Actions to recover Damages for Libel and Slander", enacted by the Legislature of Puerto Rico and approved on February 19, 1902, (Code of Civil Procedure of Puerto Rico, Ed. 1933, page 309) provides in part as follows: "Section 4. A publication or communication shall not be held or deemed malicious when made in any legislative or judicial proceeding or in any other proceeding authorized by law. * * *"

The effect of the above quoted portions of the statute is to confer absolute privilege upon any communication made in any of the proceedings contemplated therein. If the hearing held by the Labor Department on plaintiff's claim for severance pay and overtime, referred to in Paragraph 7 of the complaint, is a proceeding within the meaning of the phrase "or any other proceeding authorized by law" as used in said Section 4 of the Act of February 19, 1902, the utterance was absolutely privileged and such privilege constitutes a conclusive defense in an action based on that utterance.

It appears that the hearing on plaintiff's claim by the Labor Department, referred to in Paragraph 7 of the complaint, is a proceeding "authorized by law" within the meaning of Section 4 of the Act of February 19, 1902. The Labor Department is authorized to hold such a hearing by Act No. 122 of the Legislature of Puerto Rico, approved April 27, 1949, which statute requires the Commissioner of Labor to enforce labor protecting laws. Act No. 122 reads in part as follows: "Section 5. It shall be the duty of the Commissioner to enforce the labor protecting laws. The Commissioner or any employee of the Department of Labor designated by him, shall investigate every complaint alleging the violation of any of the labor protecting laws now in force or hereafter enacted."

The statute further provides that the Commissioner shall have authority to "issue summonses for the appearance of witnesses and the production of any evidence, missioner may compel obedience of such summonses through orders of the District Court demanding compliance on pain of contempt, and that "No natural or artificial person may refuse to obey a summons of the Commissioner of Labor or his duly authorized agents, or a judicial order so entered, on the allegation that the testimony or evidence required of him may tend to incriminate him or give cause for the imposition of a penalty upon him", and that any evidence given by such person pursuant to such summons may not be used in a criminal action against him.

It appears, upon examination, that this Statute (Act No. 122) has for its purpose the protection of the welfare of the workman and the furtherance of the public good, and that when hearings are held pursuant to its terms it is necessary, if those purposes are to be effectuated, that those called upon to give evidence therein must be protected against liability, civil or criminal, for communications given in evidence at such hearings. And this without regard for the motives of the witness or the truth or falsity of his statements. For otherwise, the giving of full, free and honest testimony, essential to the enforcement of such laws, will be discouraged. Therefore, communications made by witnesses in the course of such hearings, should be absolutely privileged in the same manner and to like extent as those made in the course of a judicial proceeding.

Under a North Dakota statute providing that a privileged communication is one made in a legislative *or judicial proceeding or in any other proceeding authorized by law,* it was held that a communication made by an employer to the state Unemployment Compensation Commission was absolutely privileged. See, Stafney v. Standard Oil Co., 71 N.D. 170, 299 N.W. 582, 586, 136 A.L.R. 535. See also, Simpson v. Oil Transfer Corporation, D.C., 75 F.Supp. 819, 822. In some jurisdictions absolute privilege is conferred on communications made to executive departments, commissions and boards on the ground that such bodies exercise quasi-judicial powers and

that the proceedings are in effect quasi-judicial proceedings. See: Johnson v. Indocumentary or otherwise, which the said Commissioner of Labor may deem necessary, including pay rolls, account books, records of wages, working hours, and pay lists." It is further provided that the Com-dependent Life & Accident Ins. Co., D.C., 94 F.Supp. 959; Higgins v. Williams Pocahontas Coal Co., 103 W.Va. 504, 138 S.E. 112, 113.

The persuasive consideration is that the privilege attaches to the occasion of the utterance in the interest of public policy, that the public good requires that in such proceedings necessary information be freely and fully imparted and that this end justifies conferring absolute privilege on such occasions. Such considerations, standing alone, warrant holding communications made pursuant to the terms of Act No. 122, approved April 27, 1949, to be absolutely privileged. And this conviction is strenghtened by the inescapable conclusion that the hearing held by the Labor Department referred to in Paragraph 7 of the complaint is a proceeding within the meaning of the words "or any other proceeding authorized by law" as used in Section 4 of the Act of February 19, 1902.

Clearly, then, the utterance of the defendant made during the Labor Department hearing referred to in Paragraph 7 of the complaint was absolutely privileged and that Paragraph 7 is, therefore, redundant in that it fails to state a claim upon which relief can be granted. It appears then, that defendant's motion to strike Paragraphs 5, 6, 7 and 8 should be granted.

The parties have agreed on hearing in open court that Paragraph 9 of the complaint should be stricken. And this Court being of the opinion that Paragraphs 5, 6, 7 and 8 should be stricken as redundant, defendant's motion for a more definite statement need be considered only with respect to the allegations of Paragraph 4 of the complaint.

As has been noted herein, conditional privilege is an affirmative defense which properly should be raised by its assertion in a responsive pleading. Consequently, when it appears from a complaint that the defense of conditional privilege may be available to a defendant, the allegations thereof should be reasonably adequate to permit the preparation of a responsive pleading asserting such defense. But when, in an action for slander, the complaint fails to set out substantially the utterance alleged to have been slanderously made or the facts relied upon to establish a publication of such utterance, such omission constitutes vagueness such as is a ground for granting a motion for more definite statement within the contemplation of rule 12(e). Obviously, when such material allegations are insufficient, it would be unreasonable to require the defendant to prepare a responsive pleading without a more definite statement of the pertinent facts.

Considering the allegations of Paragraph 4 of the complaint, the defense of conditional privilege is indicated. However, the allegations suffer from vagueness with respect to the utterance alleged to have been slanderously made and the facts relied upon to establish a publication of the utterance. It is concluded that the defendant here is entitled to a more definite statement setting forth substantially the words alleged to have been slanderously uttered and the facts relied upon to establish a publication thereof.

Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied. Defendant's motion to strike Paragraphs 5, 6, 7 and 8 of the complaint is granted. Defendant's motion for a more definite statement with respect to the matters prescribed in this opinion, is granted. Paragraph 9 of the complaint is ordered stricken. The decisions herein reached are hereby made applicable to the second cause of action set out in the complaint.