264 A.2d 325.

THE NOBLE COMPANY *vs.* MACK FINANCIAL CORPORATION.

APRIL 16, 1970.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought to enjoin the sale at public auction of two motor vehicles and to pray for an adjudication by the court of the validity of a security interest held by the plaintiff in the two trucks.

It appears that The Noble Company, hereinafter referred to as plaintiff, sold to A B C Truck Rentals, Inc., hereinafter referred to as Truck Rentals, three Autocar trucks, receiving in payment therefor three promissory notes in the amount of $6,000 each, a chattel mortgage, and a security agreement. It is not disputed that a financing statement was never filed. Subsequently Truck Rentals traded two of the Autocar trucks to Mack Trucks, Inc. as part of the purchase price on two new Mack trucks. It further appears that plaintiff agreed conditionally to this sale, the conditions being that Truck Rentals obtain a loan from the Small Business Administration and that it apply the proceeds received from the operation of the two Mack trucks to its indebtedness to plaintiff. The plaintiff alleges that Mack Trucks, Inc. was aware of this consent and of its conditional nature.

The two Mack trucks sold to Truck Rentals were eventually repossessed by Mack Financial Corporation, hereinafter referred to as defendant, the assignee of a security agreement between Truck Rentals and Mack Trucks, Inc. The defendant ultimately held a foreclosure sale, at which the two repossessed trucks were sold, and plaintiff is now

claiming that it has a security interest in the two trucks superior to that of defendant.

The defendant had moved to dismiss the complaint under Rule 12 (b) (6) of the Rules of Civil Procedure of the Superior Court, contending that plaintiff had failed to state a claim in its complaint upon which relief could be granted, and contending further that, by consenting to the trade-in of the two Autocar trucks, plaintiff waived any security interest it had therein. After a hearing, plaintiff's motion for an order restraining the sale of the trucks at public auction was not granted, but an order was entered stating that the rights of the parties would not be altered by the sale and that such rights as plaintiff might have, if any, would attach to the proceeds of the sale of the Mack trucks. The sale was held as scheduled, and thereafter defendant filed an accounting showing a deficiency balance. A hearing was held subsequently on the motion of defendant to dismiss the action for failure to state a claim upon which relief could be granted, and the court granted the motion to dismiss with prejudice. The plaintiff is now in this court prosecuting its appeal from the judgment of dismissal.

Rule 12 (b) (6) provides for the dismissal of a pleading where there has been a "failure to state a claim upon which relief can be granted." This court in *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582, stated its intention to follow the rule set out in *Garcia* v. *Hilton Hotels International, Inc.*, 97 F. Supp. 5. In *Bragg* we said: "In determining whether there is such a doubt or lack of certainty as will justify a termination of litigation at this stage of the pleadings, we follow the federal rule * * * and we construe the complaint 'in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true:' " 102 R. I. at 12, 227 A.2d at 584. As stated in *Garcia*, at page 8, citing

2 Moore's Federal Practice (2d ed.) ¶8.13, p. 1653, now 2A Moore, *Federal Practice* ¶8.13, at 1705-06 (2d ed. 1968): "* * * 'the courts have ruled time and again that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' "

We turn, then, to consider whether the complaint states a claim upon which relief can be granted within the meaning of the rule laid down in *Garcia*. Paragraph (6) of the complaint reads as follows: "Plaintiff consented to the sale by A B C Truck Rentals, Inc. to Mack Trucks, Inc. of the two trucks referred to in paragraph 5 hereof and subject to an unrecorded security agreement, and did not record a Financial Statement with respect thereto upon the condition that A B C Truck Rentals, Inc. obtain a $20,000. loan from the Small Business Administration and also use the proceeds resulting from the operation of the new trucks purchased from Mack Trucks, Inc. to reduce its indebtedness to plaintiff." Paragraph (8) of the complaint is also significant and reads as follows: "Plaintiff, on information and belief, states that defendant before its sale of Mack trucks, serial numbers DM811 SX1700 and DM811 SX1701, was aware of the conditions upon which title to Autocar trucks, numbers DC 103 SN S52591-1962 and DC 103 SN S51163, was transferred from plaintiff to A B C Truck Rentals, Inc."

The trial justice in his decision held as a matter of law that the consent to the sale, even though conditional, was not a conditional transfer of title in the sense that there was any security interest retained in those trucks. The trial justice stated that the consent to the sale released

whatever security interest plaintiff may have had and that Mack was entitled to act upon this and that there should be no revesting of the security interest of plaintiff. The trial justice further stated that the failure of Truck Rentals to perform the conditions of its agreement with plaintiff was a breach of promise but that this did not revest the security interest.

The thrust of plaintiff's argument is that the complaint discloses that it gave its consent to Truck Rentals to sell the Autocar trucks conditionally and that Mack was aware of this condition. The plaintiff reasons that it has alleged and can establish a valid security agreement existing between it and Truck Rentals and that Mack took the two trucks with full notice of the existence of this security agreement. It is further argued by plaintiff that on the basis of the allegations of the complaint, it could have produced evidence to show that the consent given to Truck Rentals to sell the Autocars, because it was conditional, did not constitute per se a waiver of plaintiff's security interest in those trucks.

The plaintiff further argues that at trial it could produce evidence within the framework of the complaint tending to establish that, insofar as the parties hereto are concerned, a valid security agreement existed and that defendant took the two Mack trucks subject to the security interest of plaintiff. It is to be noted that neither party has cited any case that would be helpful in determining this issue, nor have we in our own research found any such case. It is, therefore, necessary to seek to resolve the issue raised here by an examination of the pertinent provisions of the Uniform Commercial Code as adopted in this state.

The provisions of chap. 9 of the code entitled "Secured Transactions" are applicable to the problem here being considered. Section 6A-9-301 provides, in pertinent part, that "(1) * * * an unperfected security interest is sub-

ordinate to the rights of * * * (b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected * * *." Relying on this provision, plaintiff asserts that defendant took its security interest in the two trucks with actual knowledge of the prior security interest of plaintiff and thus, by reason of the provisions of §6A-9-301 (1) (b), the unperfected security interest in plaintiff was not subordinated to the security interest of defendant. We concur in plaintiff's view as to the effect of this section. However, as defendant points out in its brief, plaintiff is claiming a security interest in the two new Mack trucks, not the original two Autocar trucks that were traded to Mack.

This being so, we turn to a discussion of the pertinent provisions of the code starting with §6A-9-306, which deals with the secured party's rights on disposition of collateral. Paragraph (2) thereof provides: "Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor." This makes it clear that plaintiff is claiming a security interest in the *proceeds* of Truck Rental's sale of the original collateral. In the comment contained in the code relating to §6A-9-306, the commentator states, at paragraph (3) thereof, as follows: "In many cases a purchaser or other transferee of collateral will take free of a security interest: in such cases the secured party's only right will be to proceeds. The transferee will take free whenever the disposition was authorized; the authorization may be contained in the security agreement or otherwise given."

It would appear from the comment above quoted that, although the secured party loses his rights in the collateral

that has been transferred, he retains rights in the proceeds of the disposition thereof. In the instant case the proceeds of the sale of the two Autocar trucks are the two new Mack trucks. Therefore, at this point, plaintiff had an unperfected security interest in the two Mack trucks since they are proceeds from the sale of the original collateral in which it had a security interest, while defendant has a purchase money security interest in the two Mack trucks.

We have, then, a situation in which there are conflicting security interests in the Mack trucks as proceeds of the sale of the collateral, that is, the two Autocar trucks. The question is, then, whether plaintiff could establish that in such circumstances it could recover by showing some priority in favor of its security interest. We think not. Section 6A-9-301 provides, in part, as follows: "(1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of (a) persons entitled to priority under §6A-9-312 * * *."

It is incumbent upon us to examine the provisions of §6A-9-312, which deals with the priorities among conflicting security interests in the same collateral. Paragraph (4) of §6A-9-312 provides: "A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within ten (10) days thereafter." In the Comment to the Uniform Commercial Code, §6A-9-312, paragraph (3), the commentator states: "There is no requirement that the purchase money secured party be without notice or knowledge of the other interest; he takes priority although he knows of it or it has been filed." Nowhere in its complaint has plaintiff questioned that defendant has a purchase money security interest in the Mack trucks, and it would appear from the statute and the comment relating thereto

that its purchase money security interest in the collateral, or the Mack trucks, has priority even though it had knowledge of the existence of the conflicting security interest.

However, §6A-9-312, paragraph (4), clearly establishes that the purchase money security interest has a priority over a conflicting security interest in the proceeds and that there is no requirement that to have such priority the purchase money secured party have been without notice of the existence of the other security interest. We, therefore, conclude that the plaintiff in its complaint failed to state a claim upon which relief could be granted and that the granting of the motion to dismiss under Rule 12 (b) (6) was without error.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

JOSLIN, J., did not participate.

*Graham, Reid, Ewing & Stapleton, Andrew J. Joslin, Alfred B. Stapleton and Robert J. McGarry,* for plaintiff.

*Zietz, Sonkin & Radin, Richard S. Mittleman,* for defendant.