276 A.2d 750.

ANTHONY GIARRUSSO vs. THOMAS J. CORRIGAN et al.

APRIL 28, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action for damages for breach of contract a default judgment in the amount of $860 plus interest and costs was entered in the Superior Court for the plaintiff. Thereafter a justice of that court under authority of Super. R. Civ. P. 60(b) granted the defendant's motion to vacate that judgment on condition that he pay the plaintiff's counsel a fee of $250 within twenty days. The plaintiff appealed.

■ Because in our opinion the order vacating the default judgment was interlocutory and therefore not appealable, we do not reach the merits. It is true, of course, that the rule of nonappealability we adopt today changes a long-standing practice of permitting an immediate appellate review of the vacation of a default judgment. *Nelen* v. *Wells,* 45 R. I. 424, 123 A. 599; *Fox* v. *Artesian Well & Supply Co.,* 34 R. I. 260, 83 A. 115. That practice, however, antedated the adoption by the Superior Court of a modern simplified set of Rules of Civil Procedure. For the construction of those rules we look primarily to the guidelines established by the federal courts upon whose rules those of the Superior Court are patterned. *Bragg* v. *Warwick Shoppers World, Inc.,* 102 R. I. 8, 11, 227 A.2d 582, 584; *Industrial National Bank* v. *Colt,* 101 R. I. 488, 491, 224 A.2d 900, 902. Those courts, as well as the treatises on the federal rules, say that an order vacating a default judgment lacks that degree of finality which, except in situations not here pertinent, will permit an appeal prior to the rendition of a new and final judgment. *Murphy* v. *Helena Rubenstein Co.,* 355 F.2d 553 (3d Cir. 1965); *Crowe* v. *Ragnar Benson, Inc.,* 307 F.2d 73 (3d Cir. 1962); *Daly* v. *Stratton,* 304 F.2d 666 (7th Cir. 1962); *Resnik* v. *La Paz Guest Ranch,* 289 F.2d 814 (9th Cir. 1961); *Stathatos* v. *Arnold Bernstein S. S. Corp.,* 202 F.2d 525, 527 (2d Cir. 1953); 3 Barron & Holtzoff, *Federal Practice & Procedure,* §1332 at 434 n.12; 9 Moore, *Federal Practice,* ¶110.14 [2] (2d ed.) at 199. That prior to the adoption of the now controlling Superior Court Rules of Civil Procedure the practice here may have been otherwise is an insufficient reason for us not to align ourselves at this time with the federal practice, particularly in view of our general adherence to the principle of not permitting piecemeal appeals except in those cases where legislatively authorized under G. L. 1956 (1969 Reenactment) §9-24-7,

or where, under the doctrine of *McAuslan* v. *McAuslan*, 34 R. I. 462, 83 A. 837, the judgment to be reviewed, although in a strict sense interlocutory, has such an element of finality that action is demanded before the case is terminated in order to prevent clearly imminent and irreparable injury.

The plaintiff observes, however, that since the adoption of the new rules we have entertained appeals from orders vacating default of judgments in *King* v. *Brown*, 103 R. I. 154, 235 A.2d 874 and *Metcalf* v. *Cerio*, 103 R. I. 157, 235 A.2d 669, and drawing upon those cases as precedent, he urges that we have thereby in effect affirmed our prior practice. That argument ignores the absence in either of those cases of any contention or suggestion that the appeal was premature and in those circumstances our silence there on the issue now before us cannot properly be construed as either an acquiescence in or an approval of the practice which prevailed prior to the adoption of the new rules. It should be observed, moreover, that since *King* and *Metcalf* were decided we have in at least three cases refused to entertain proceedings instituted to obtain immediate review of an order vacating a default judgment. *Strafach* v. *Gray*, 108 R. I. 914, 273 A.2d 498; *Strafach* v. *Gray*, 108 R. I. 912, 273 A.2d 327; *Mills* v. *Agnelli*, 107 R. I. 911, 266 A.2d 258. Those cases appeared on our motion calendar and were disposed of by orders and without opinion.

The plaintiff's appeal is denied and dismissed without prejudice, however, to his right to raise the same issue by a new appeal after rendition of final judgment.

*Halpert, Shatkin & Scoliard, Perry Shatkin,* for plaintiff.

*Lawrence S. Groff, Claude F. Lefebvre,* for defendants.