313 A.2d 374.

JULIA ELIZA GRIFFIN *vs.* ROBERT J. RAHILL, *in his capacity as Director of Transportation for the State of Rhode Island.*

DECEMBER 28, 1973.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This case was commenced by the plaintiff by a summons and sworn complaint dated January 9, 1973, and served upon the defendant, Robert J. Rahill, in his capacity as Director of Transportation. No entry of appearance was filed on behalf of the defendant, nor did the defendant plead or defend as provided by the Rules of this court.

The plaintiff pursuant to Super. R. Civ. P. 55 applied for a default judgment which was entered on February 2, 1973. The plaintiff then filed a motion for a hearing for entry of judgment of damages and other relief requested in her sworn complaint. The matter was assigned for hearing on February 12, 1973. On the day of this hearing the trial justice recessed for a determination at a later date.

On February 15, 1973, defendant filed a motion to vacate the default judgment and to extend the time to answer. This motion was heard before a justice of the Superior Court on March 23, 1973. The motion to remove the default judgment was granted over plaintiff's objection. The case is before us on plaintiff's appeal from the March 23, 1973 judgment.

The plaintiff contends that in the absence of an affidavit of meritorious defense the trial justice committed error in vacating the default judgment entered against defendant.

For the following reasons we affirm the trial justice's decision. The action of the trial justice in granting this motion was an interlocutory order and, as such, is non-appealable.

This case is governed by *Giarrusso* v. *Corrigan*, 108 R. I. 471, 276 A.2d 750 (1971), where the court stated that

"* * * an order vacating a default judgment lacks that degree of finality which, except in situations not

here pertinent, will permit an appeal prior to the rendition of a new and final judgment." *Id.* at 472, 276 A.2d at 750-51.

Nor is there any merit to plaintiff's argument that this case involved a question of jurisdiction. The question here is not the lack of power but an exercise of power, and therefore, this case does not come within the exception of *Giarrusso.*

The plaintiff's appeal is denied and dismissed and the papers remanded to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Norman L. Grant,* for plaintiff.

*Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Assistant Attorney General, for defendant.