333 A.2d 417.

KENNETH GROSS *et al. vs.* SCHOOL COMMITTEE OF THE TOWN OF GLOCESTER.

MARCH 4, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action by the plaintiffs, owners and operators of school buses, and residents of the town of Glocester, to enforce an alleged oral promise to renegotiate certain school bus contracts, and to enjoin the defendant

School Committee of the Town of Glocester from entering into a 3-year school bus contract with Hopkins Transportation Co., Inc., the intervenor in this action. The plaintiffs' motion for a preliminary injunction was denied by a Superior Court justice. The case was then tried to a different Superior Court justice, sitting without a jury, who filed a written decision and thereafter entered a judgment denying the plaintiffs' prayer to enforce the oral promise and further denying, without prejudice, the plaintiffs' prayer to enjoin the defendant from continuing the contract with the intervenor Hopkins Transportation Co., Inc., beyond June 1973. The plaintiffs, the defendant, and the intervenor have each filed appeals to this court.

It appears that plaintiffs were owners and operators of school buses and had been providing bus service to school pupils in Glocester on the basis of 5-year contracts with defendant expiring in June of 1972. These contracts had been entered into as a result of negotiations between plaintiffs and defendant in 1967. Toward the end of these 5-year contracts it was decided by defendant that future contracts would be advertised for bid instead of being conducted by negotiation with the various bus owners. The specifications provided that the proposed contracts would be for a 3-year period commencing September 1, 1972, and ending June 30, 1975, and that separate bids would be required for different routes. The bids were to be limited to residents of the town of Glocester.

The plaintiffs and intervenor submitted bids on all the bus routes designated in the specifications. The defendant awarded contracts to plaintiffs for routes on which they were the low bidders and to the intervenor for those routes on which the intervenor was the low bidder.

In April 1972, after the results of the bidding were known, plaintiffs instituted an action to enjoin defendant from executing a 3-year school bus contract with intervenor, Hopkins Transportation Co., Inc., and to order defendant to re-

negotiate a school bus contract in accordance with an oral promise allegedly made to plaintiffs by defendant in 1967 during the negotiations on which the previous contracts were based. Allegedly plaintiffs were to be given an opportunity to confer directly with defendant and discuss the possibility of a new contract and its terms. All of the basic facts are undisputed except the alleged oral promise.

While the suit was pending, defendant entered into a contract with intervenor to provide bus service for 3 years, 1972-1975. At the time of the execution of the contract, defendant Glocester School Committee consisted of three members, one whose term expired in June of 1973, one whose term was to expire in June of 1975, and one whose term was to expire in June of 1977.

At the hearing on the prayer for preliminary injunction, the trial justice found that the alleged oral promise had in fact been made, but he was unable to determine its precise intention or scope. The case was assigned for hearing before a different Superior Court justice, and during a pretrial conference on the merits, plaintiffs were granted leave by the court to file an amended complaint. The trial justice decided under Super. R. Civ. P. 42(b)[1] to determine the legal issues alone and directed counsel to file written memoranda. The plaintiffs then filed the amended complaint, and defendant and intervenor each filed "Defendant's Objection to Plaintiffs' Amended Complaint." The trial justice construed the "Objections" as motions to dismiss under Super. R. Civ. P. 12(b)(6).[2]

---

[1]Super. R. Civ. P. 42(b) reads as follows:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial in the county where the action is pending or in a different county of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

[2]The pertinent provisions of Super. R. Civ. P. 12(b)(6) read as follows:

"(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or

The plaintiffs allege that the trial justice committed error in construing "Objections to Plaintiffs' Amended Complaint" as motions to dismiss under Super. R. Civ. P. 12(b)(6), stating that the "Objections" are in fact only flat statements of objection which fail to seek dismissal and set forth no particular defense under Rule 12(b). The plaintiffs further argue that even if "Objections" are construed as motions to dismiss for failure to present a claim for which relief could be granted under Rule 12(b)(6), this same rule requires that such a motion be accompanied by a statement of the grounds on which the defense is based.

We agree that the trial justice committed error in construing the "Objections" as motions to dismiss, but such error was not prejudicial to plaintiffs as the ultimate decision of the trial justice was not rendered on the basis of a motion to dismiss but rather on his full consideration of all the issues raised under the amended complaint. In effect, the motion to dismiss was left in abeyance while the trial justice went on to hear the case in its entirety.

Given that the case actually went to trial, for all practical purposes, there is merit in plaintiffs' further contention that the trial justice committed error when he proceeded to hear the legal issues pursuant to Super. R. Civ. P. 42(b) and entered a judgment upon the amended complaint. In fact, the judgment is based on issues that were never raised by any of the litigants. As a result plaintiffs, pointing to Super. R. Civ. P. 15(a),[3] contend they were never advised of an answer to the amended complaint, and consequently

third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *."   ,

[3]Super. R. Civ. P. 15(a) reads in part as follows:

"(a) Amendments. * * * A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

defendant was able to argue defenses which came as a surprise to plaintiffs and of which they were unaware were in issue. In this category they specifically refer to the defense of Statute of Frauds and the application of the Parol Evidence Rule, both of which were relied on strongly by the trial justice in his decision.

The parties agree that the rules should be liberally construed, and that wide latitude should be granted in their application. The defendant argues that even if the trial justice has exceeded the bounds of propriety in his rulings, such actions should nonetheless be excused by a liberal interpretation of the rules. We do not agree. This court in the past has subscribed to a liberal interpretation of the Rules of Civil Procedure. *Caprio* v. *Fanning & Doorley Constr. Co.*, 104 R. I. 197, 243 A.2d 738 (1968); *see also* 1 Kent, *R. I. Civ. Prac.* §1.6 (1969). Even under such a liberal interpretation, however, the trial justice is not thereby given such wide latitude as to deprive a party of his or her right to be fairly advised of a claim or defense relied on by the adverse party.

Under the circumstances, as we understand them from the rather spotty and confused record, it is our opinion that the plaintiffs have been effectively prevented from being advised of the defense of the defendant to the amended complaint, and that the plaintiffs were thereby deprived of a fair hearing on the complaint. This abuse by the trial justice can only be corrected by returning the case to the Superior Court for a hearing de novo on the amended complaint.

The plaintiffs' appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court.

*William J. George, William Elias George,* for plaintiffs.

*Thomas F. Fogarty, Jr.,* Town Solicitor, *Abatuno & Chisholm, Macktaz, Keefer and Kirby, Scott Keefer,* for Intervenor, Hopkins Transportation Co., Inc.