410 A.2d 113.

## PASQUALINA SPAZIANO *vs.*
## ARMAND SPAZIANO AND DOROTHY KRUPA.

JANUARY 8, 1980.

PRESENT: Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.    This case comes before us on appeal from an order of the Superior Court removing a default judgment and limiting recovery by the plaintiff, Pasqualina Spaziano (Pasqualina), against the defendant Dorothy Krupa to the setting aside of a transfer of property made to her by the defendant Armand Spaziano (Armand). The facts as set forth in this amended complaint and the travel underlying this controversy are as follows.

Armand had borrowed $15,000 from Pasqualina and failed to pay back the loan when due. Additionally, in order to defraud creditors, including Pasqualina, Armand transferred his property, which included shares of stock in a certain holding company, to Dorothy Krupa without receiving any consideration therefor. The complaint went on to allege that defendant Krupa intended to dispose of the property in such fashion as to cause irreparable harm to plaintiff. The plaintiff sought judgment against both defendants in the sum of $15,000, plus interest and costs, and further sought that defendant Krupa account for and hold in trust for plaintiff the transferred property and any rents or profits arising therefrom.

Neither defendant answered the original or amended complaint, and on June 16, 1976, default was entered. After notice to defendants was given, a further hearing was held on July 7, 1976, pursuant to which judgment was entered by default against both defendants in the sum of $15,000; the judgment also provided for additional relief relating to the restoration of the property transferred.

Thereafter, in April of 1977, defendant Krupa moved to vacate the default judgment against her. She alleged several grounds, including improper service, mistake, accident, inadvertence, or excusable neglect. She also provided an affidavit of meritorious defense. On May 17, 1977, the trial justice held a hearing on the various issues and determined not only that service of process had been adequate, but also that there was no sufficient ground to set aside the judgment for excusable neglect. He found, however that plaintiff had no cause of action against defendant Krupa for money damages, vacated the judgment for money damages pursuant to Super. R. Civ. P. 60(b)(6), and ruled that there was no need for defendant Krupa to answer plaintiff's amended complaint because a money judgment could not be entered as against defendant Krupa in this case. He went on to rule that the only appropriate remedy against defendant Krupa was the setting aside of the transfer of property made to her by defendant Armand.

We have generally considered that an order vacating a default judgment lacks that degree of finality which would permit an appeal prior to the rendition of a new and final judgment. *Griffin* v. *Rayhill*, 112 R.I. 549, 313 A.2d 374 (1973); *Giarrusso* v. *Corrigan*, 108 R.I. 471, 472, 276 A.2d 750, 750-51 (1971). The plaintiff concedes in her brief that if the trial justice had limited his determination to vacating the default judgment against defendant Krupa, no appeal would lie until a "new and final judgment." Therefore, at this stage of the proceeding, the thrust is toward the other rulings of the trial justice which, in effect, precluded plaintiff from seeking a money judgment from defendant Krupa after the default judgment had been removed. We believe that the peremptory ruling that the complaint did not state a claim upon which monetary relief could be granted, without even affording plaintiff the opportunity to amend, had an element of finality which would cause these rulings to be reviewable on appeal. *See McAuslan* v. *McAuslan*, 34 R.I. 462, 83 A. 837 (1912). Further, we believe that these rulings were erroneous.

Initially, the Superior Court had before it only a request for removal of a default judgment. In response to this request, the court treated the petition to remove the default as though it were a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Thus plaintiff had no notice and opportunity to defend against such a motion. *See Gross* v. *School Committee of the Town of Glocester*, 114 R.I. 358, 333 A.2d 417 (1975). In effect, the removal of a default judgment pursuant to Rule 60(b) should leave all matters at issue between the parties "open and undisposed" for further proceedings. *Bishop* v. *United States*, 266 F.2d 657, 659 (5th Cir. 1959).

Moreover, even if notice had been given to plaintiff obliquely that her right to a money judgment against defendant Krupa was challenged, the granting of Rule 12(b)(6) relief could not be sustained. Under the test set forth by this court in *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967), and its progeny,[1] it would have been necessary for defendant Krupa to establish, after according plaintiff the benefit of every inference in viewing the allegations of her complaint in their most promising light, that it is clear beyond a reasonable doubt that plaintiff could not conceivably prove facts which would entitle her to monetary relief. On this record defendant Krupa could not sustain such a burden.

It has frequently been held that a money judgment may enter pursuant to a complaint for fraudulent conveyance as against a transferee, where such transferee has disposed of or dealt with property wrongfully conveyed in such fashion that a return of the property is impossible or in situations in which the property has been diminished in value. In *Damazo* v. *Wahby*, 269 Md. 252, 305 A.2d 138 (1973), the Court of Appeals sustained the entry of an in personam judgment for a

---

[1] *Accord, Goldstein* v. *R.I. Hospital Trust National Bank*, 110 R.I. 580, 296 A.2d 112 (1972); *Noble Co.* v. *Mack Financial Corp.*, 107 R.I. 12, 264 A.2d 325 (1970); *Warren Education Association* v. *Lapan*, 103 R.I. 163, 235 A.2d 866 (1967); *Buszta* v. *Souther*, 102 R.I. 609, 232 A.2d 396 (1967).

real estate commission against a wife to whom assets had been fraudulently conveyed. The court, relying both upon general equitable principles and the provisions of the Uniform Fraudulent Conveyance Act, stated the rule as follows:

> "The better rule would seem to be that so long as the property remains in the possession of the fraudulent transferee, who does nothing to lessen its value, a judgment in personam will not be entered. But where the transferee allows or causes the property to depreciate in value, or parts with the property without sufficient consideration or puts it beyond the reach of the court, equity will not allow itself to be frustrated but will adapt its relief to the exigencies of the case and will enter a money judgment if this will achieve an equitable result." *Id.* at 257, 305 A.2d at 142.

These principles have been recognized in *Winter v. Welker*, 174 F. Supp. 836 (E.D. Pa. 1959); *Aggregates Associated, Inc. v. Packwood*, 58 Cal. 2d 580, 375 P.2d 425, 25 Cal. Rptr. 545 (1962); *Miller v. Kaiser*, 164 Colo. 206, 433 P.2d 772 (1967). Whether a state has adopted the Uniform Fraudulent Conveyance Act or not (and Rhode Island has not), the general equitable principles should apply. *See* McLaughlin, *Application of the Uniform Fraudulent Conveyance Act*, 46 Harv. L. Rev. 404, 443 (1933).

In the case at bar, a claim for monetary damages had been set forth in the complaint against defendant Krupa as well as against defendant Armand. Further, the complaint specifically alleged that "defendant Krupa intends to sell, give, or otherwise dispose of some or all of the aforementioned property- which disposition would cause immediate irreparable harm to plaintiff * * *." This allegation was further expanded in an affidavit annexed to the complaint. Thus, it could scarcely be said that "beyond a reasonable doubt * * *. the plaintiff could not conceivably prove facts which would qualify her for [monetary] relief." *Warren Education Association v. Lapan*, 103 R.I. at 170-71, 235 A.2d at 871.

Therefore, while we do not review at this time the propriety of the removal of the default judgment, we vacate all orders entered by the trial justice that purported to pass upon and limit the relief to which the plaintiff was entitled as against the defendant Krupa. For the reasons stated, the plaintiff's appeal is sustained in part, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

Mr. Chief Justice Bevilacqua did not participate.

*Alden C. Harrington, William Rutzick, Harry J. Weiss,* Rhode Island Legal Services, Inc., for plaintiff.

*William A. Gosz,* for defendants.