**Stephen M. HUNTER et al.**

v.

**Vijay MALHOTRA.**

**No. 96–66–Appeal.**

Supreme Court of Rhode Island.

June 27, 1997.

Andrew R. Gold, Warwick, Stephen M. Hunter, Johnston, for plaintiffs.

Brenda Coville Harrigan, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, SHEA, FLANDERS and GOLDBERG, JJ.

### OPINION

PER CURIAM.

This case came before a panel of the Supreme Court on April 15, 1997, pursuant to an order of this Court directing the parties to show cause why the issues raised in the plaintiffs' appeal should not be summarily decided. After considering counsels' arguments and their legal memoranda, we conclude that cause has not been shown and

proceed summarily to decide the appeal at this time.

## I

### Case Travel

The plaintiffs, Stephen M. Hunter, Patricia Hunter and Victor Leonard, appeal from orders of the Superior Court granting motions to vacate three default judgments previously entered in that court against the defendant, Vijay Malhotra. Ordinarily such orders are interlocutory in nature and not appealable as a matter of right. *Griffin v. Rahill,* 112 R.I. 549, 313 A.2d 374 (1973); *Giarrusso v. Corrigan,* 108 R.I. 471, 276 A.2d 750 (1971). The orders in question in this case, however, not only granted defendant's motion to vacate but, in addition, because plaintiffs' action had named as defendant the wrong person, a medical doctor whose name was similar to that of the intended defendant, the hearing justice dismissed the plaintiffs' action "without prejudice to permit plaintiffs to file a new action under a new C.A. Number." In addition, the hearing justice for some unexplained reason permitted the summons served after the entry of the default judgments upon the proper defendant insurer's counsel "to stand." The effect of the "without prejudice" and "service to stand" grace features in the dismissal orders are of no concern to us now, however, because plaintiff Hunter, after the entry of the hearing justice's dismissal orders and the denial of his requested $7,975 counsel fee as a condition to vacating the default judgments, thereupon entered the following written stipulation in the case file, signed by himself and defense counsel.

"1. The plaintiff herein avers that he will not file a new cause of action against Vijay Malhotra, but will rather rely upon his appeal to the Supreme Court, of the above referenced matter.

2. The summons served on December 5, 1995 upon Attorney Brenda Harrington for Vijay Malhotra are hereby declared null and void."

Hunter's stipulation, for himself as well as for his clients, coupled with the hearing jus-

tice's case-dismissal order, we conclude rendered the orders in question final in nature and hence appealable. *See, e.g., Francis v. Barber Auto Sales, Inc.,* 454 A.2d 703, 705 (R.I.1983). In light of that somewhat unusual stipulation, we offer no opinion at this time as to whether this appeal has tolled the running of the applicable statute of limitations on plaintiffs' claims and whether any new civil action based on the May 11, 1995 collision is now time barred. *See, e.g., Id.* at 705.

## II

### Case Facts

This is an unusual case, both factually and procedurally. On May 11, 1995, one of the plaintiffs, Stephen M. Hunter (Hunter), a practicing attorney, was operating his 1989 Pontiac motor vehicle on Manton Avenue in the city of Providence. On that day, a person named Vijay Malhotra (Malhotra) was operating a 1989 Toyota vehicle and traveling in the same direction as the Hunter vehicle. At a traffic control light the Toyota came into slight contact with the rear portion of Hunter's vehicle that had stopped because of the traffic light. In Hunter's vehicle at the time, he alleges, were his wife, Patricia Hunter (Patricia), and a friend, Victor Leonard (Leonard), who are also plaintiffs.[1]

No visible physical damage resulted to either vehicle; there were no claims of any injuries, the police were not called, and the drivers simply exchanged license identification information. Malhotra's license noted his address as 92 Mockingbird Drive in the city of Cranston. Hunter inquired about the name of Malhotra's insurance carrier, and Malhotra, although surprised by that request in light of the fact that no property damage or injuries were involved, nonetheless told Hunter it was Narragansett Bay Insurance Company (Narragansett). Four days later, on May 15, 1995, Patricia and Leonard went to see a chiropractor whose office was nearby to Hunter's law office building. The next day, on May 16, 1995, Hunter wrote to Narragansett and informed the insurance company that

---

1. Malhotra claims only Hunter and another man were in the vehicle.

"I represent the above referenced client with regard to personal injuries he sustained as a result of your insured's negligent operation of his automobile."

The "above referenced client" was not Hunter's wife, Patricia, or his friend, Leonard, who had been to the chiropractor the day before, but was instead Hunter himself, who had yet to go to the chiropractor. Hunter did, however, go to the chiropractor the following day, May 17, 1995.

The chiropractor's three medical affidavits submitted in support of the plaintiffs' damage claims are somewhat interesting and unique. Despite the minor, no-damage impact between the vehicles, the chiropractor reported in each of the three affidavits that all three plaintiffs were "tossed into rapid extension/flexion" and that all three sustained the exact same injuries, namely, "cervical sprain/strain; thoracic sprain/strain" and "cervical headache syndrome." He prescribed no aspirin or Tylenol and rendered the exact same treatment to all three, namely, "chiropractic manipulation supported by appropriate physiotherapy modalities and home exercises." Understandably, in light of the chiropractor's clonelike findings and his chiropractic treatments rendered several times weekly, all three became asymptomatic within days of one another on June 16, 1995, June 19, 1995 and June 23, 1995. Coincidentally, each of the three made the transition from total disability to no disability on his or her very last visit to the chiropractor.

On July 31, 1995, Hunter, representing his wife, Patricia, and Leonard, filed the civil action concerned in this appeal, seeking damages in the Superior Court. In that action Hunter, Patricia, and Leonard all sought damages for "bodily injury to his person, pain of mind, emotional distress and a loss of consortium."

### III

#### The Civil Action

The defendant named in the plaintiffs' Superior Court civil action was Vijay Malholtra, M.D.[2] Apparently there had been, some two years prior to the impact in question, a doctor, Malholtra, employed at 1215 Reservoir Avenue in Cranston. All parties agree that the doctor, Malholtra, was not the driver of the Toyota on Manton Avenue on May 11, 1995.

The driver of the Toyota was another person with an almost identical name, Vijay Malhotra. The driver, Malhotra, was apparently employed in the printing business at Choice Printing and Copy at 150 Newport Avenue in the city of East Providence. Although this Malhotra lived at the time of the incident in question at 32 Greenwood Lane in the town of Lincoln, he had in fact some two years earlier lived at 92 Mockingbird Drive in Cranston.

Unfortunately for him, Hunter in his race to the courthouse after finishing with his chiropractor, named the doctor, Malholtra, as the defendant and then had his constable attempt to serve the doctor at 92 Mockingbird Drive and at 1215 Reservoir Avenue. Amid that confusion, the constable was unable to complete service upon either the doctor, Malholtra, or the printer, Malhotra. As a result, Hunter filed a motion in the Superior Court, seeking permission to effectuate service by "tack on" method at 92 Mockingbird Drive in Cranston, an address where neither the doctor nor the printer was then residing. On September 6, 1995, a Superior Court justice granted Hunter's motion for "tack on" service. On that same day Hunter assigned the case for hearing on oral proof of claim to October 5, 1995.

On October 5, 1995, the matter came before a justice of the Superior Court who heard the matter on oral proof of claim and awarded damages to Hunter in the amount of $15,000; Patricia, $8,500; and Victor, $7,020, all with interest and costs. Judgments representing those awards were entered on the following day October 6, 1995. Those judgments, prepared by Hunter, all ran against the *doctor, Malholtra,* and not the *driver, Malhotra.* It is interesting to note that the affidavit of nonmilitary service as required by Super. R. Civ. P. 55(b)(3) prepared by

---

2. In the complaint the doctor's name was spelled incorrectly as M-a-l-h-o-t-r-a. In the default judgment orders, it was correctly spelled M-a-l-h-o-l-t-r-a.

Hunter also pertained to the doctor, Malholtra, and not the Malhotra, who was the driver of the vehicle involved in the alleged impact. Even the most casual reading of the affidavit should have revealed its total deficiency. Rule 55(b)(3) requires the facts supporting an affiant's conclusion to be stated. *Berick v. Curran,* 55 R.I. 193, 198, 179 A. 708, 710 (1935); *Minuto v. Metropolitan Life Insurance Co.,* 55 R.I. 201, 205, 179 A. 713, 715 (1935). Additionally, the case file also reveals that Hunter failed to comply with the regular and certified mail provision in the "tack on" order because his letter, also addressed to the doctor, Malholtra at 92 Mockingbird Drive, did not include a copy of the complaint as required by the "tack on" order. If Malhotra, the driver, had by some mind-boggling coincidence, received Hunter's letter, he would have only received the summons directed to a doctor Malholtra. That service would not have constituted adequate or proper notice of the pending action.

 In any event, Hunter, not aware of his multiple case procedural errors, immediately wrote to Narragansett and informed it of the default judgments. Narragansett, after receiving Hunter's letter, contacted its insured, Malhotra, the driver of the car in question, and then filed an answer to the complaint as well as motions to vacate the default judgments. Those motions were granted. The trial justice who granted the motions, after having been made aware of the many procedural defects and the legal quagmire into which the case had sunk, opted to dismiss the case, PC 95–4169, *"without prejudice, to permit plaintiffs to file a new action under a new C.A. Number."* The trial justice then denied Hunter's request for a $7,975 counsel fee as a precondition to the granting of the motions to vacate. Apparently disturbed by the hearing justice's order, Hunter then prepared and entered the written stipulation previously noted in the case file in which he rejected the justice's "without prejudice" dismissal grace and said that "he will not file a new cause of action against Vijay Malhotra, but will rely upon his appeal to the Supreme Court" and that "the summons served on December 5, 1995 on Attorney Brenda Harrington for Vijay Malhotra are hereby declared null and void."

After reviewing and considering the case file record and all pertinent and relevant facts pertaining thereto, we discern no error in the Superior Court justice's granting of the motions to vacate the default judgments concerned in this appeal and no error in his order dismissing the plaintiffs' civil action PC 95–4169.

The plaintiffs' appeal is denied and dismissed. The final orders of the Superior Court are affirmed, and the papers in this case are remanded to that court with directions to dismiss PC 95–4169.

WEISBERGER, C.J., and FLANDERS and GOLDBERG, JJ., did not participate.