Vincenzo Minuto *vs.* Metropolitan Life Insurance Co.

JUNE 27, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. The plaintiff brought an action in assumpsit to recover double indemnity for the accidental death of Filomeno Di Sano, the insured, under an industrial policy issued to the latter by the defendant company. To his writ, the plaintiff attached an affidavit of no defense wherein, after referring to the language of the statute, he proceeds to say that: ''I can swear to the facts of my own knowledge; and that in my opinion there is no defense to said action; that there are no set-offs, affidavits nor counterclaims to said action.''

The declaration, to which a photostatic copy of the policy is attached, sets out the issuance of the policy to the insured, providing that upon the death of the insured the defendant would pay $800 or in case of the death by accidental means $1,600 to the said plaintiff, Vincenzo Minuto, the beneficiary specially named in the aforesaid policy, and then alleges the death of the insured by accidental means within the term covered by the policy. With the writ and declaration the defendant filed a motion for summary judgment for $1,600 and interest.

The defendant filed a plea of the general issue and an affidavit of defense executed by the assistant general counsel of the Metropolitan Life Insurance Company, setting forth that the policy was procured through fraud and in pursuance of a scheme or agreement for the benefit of the plaintiff, who had no insurable interest in the life of the insured, and that, after the policy had been issued, the plaintiff ''fraudulently and by willful misrepresentation caused himself to be described as a cousin of the insured while he, the said plaintiff, was in fact not a relative by blood or marriage of said insured'' when he was designated as beneficiary. The defendant's affidavit also contained certain conclusions of law with which we are not concerned and which we consider as surplusage.

At a hearing in the superior court the plaintiff's motion for a summary judgment was denied. He took an exception to this ruling and the case is now before us on his bill of exceptions setting forth this exception alone. From all the papers that we have mentioned, the following facts appear: An industrial policy, with provisions for single and double indemnity, was issued by the defendant to Filomeno Di Sano on August 1, 1930. The policy on page 1 provides that upon the death of the insured the amount stated in the schedule on page 4 shall be payable "to the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph," which, commonly known as the Facility of Payment Clause, says, that: "The company may make any payment or grant any non-forfeiture privileges provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured." The schedule on page 4 referred to on the first page gives the number of the policy, the date, the name of the insured, "Age next Birthday at Issue 42 years–Amount of Insurance $800–Monthly Premium $3.22."

On January 31, 1931, the insured, upon a form provided by the defendant, requested the company to pay the death benefit to "Vincenzo Minuto . . . relationship, cousin . . . subject, however, to the provision in the policy authorizing payment at the company's option to my executor or administrator." In consequence of this request, the company, under date of February 19, 1931, caused the following endorsement to be placed upon the policy on page 4 immediately below the above-mentioned schedule: "Subject to the provision of the policy authorizing payment at the Company's option to other persons, Vincenzo Minuto, cousin, has been designated beneficiary, to receive death benefit only." The insured died by accidental means December 10, 1932, and on March 23, 1933, the defendant paid $1,330.22 to the executor of the deceased. The plaintiff brought this action by writ dated December 14, 1934, as the beneficiary named in the policy.

We have set out the facts with more detail than our immediate purposes require in order to illustrate how the summary judgment statute has been resorted to, with increasing and unwarranted frequency, outside the intent and scope of that law. It is not the purpose of the summary judgment statute to substitute a trial by affidavits for a trial according to law. In passing upon a motion for summary judgment, the principal function of the court is to determine whether or not there is a real question of fact in issue between the parties. It is not called upon to decide abstruse questions of law on a summary presentation of the case by affidavits of a general nature and usually lacking in a detailed statement of facts that may furnish the turning point of the entire case. An answered case that presents actually disputed and complicated facts subject to different interpretations, should proceed to an orderly and authoritative determination of the facts by trial, even though it may ultimately resolve itself into a question of law.

In the cases of *Fisher, Admr.* v. *Sun Insurance Co. of New York* and *Fisher, Admr.* v. *Eagle Star Ins. Co.*, recently decided together by this court, we considered the summary judgment laws generally and the intent, purpose and scope of our own statute in particular. Our view, as stated in the opinion in those cases, was that actions in special assumpsit, with disputed and complicated facts susceptible of different inferences or conclusions, are rarely within the meaning of the act. The object of the summary judgment statute is to regulate procedure and to aid the court in promoting justice by eliminating, as far as possible, fictitious defenses. It was not the intent of the legislature, when it passed this law, to furnish an easy medium to a plaintiff by means of. which he might avoid the inconvenience and uncertainty of a trial; nor was it intended to provide a new method for the consideration and determination by this court of questions of law in advance of a trial on the facts, a method at variance with its well established practice. *Fisher, Admr.* v. *Sun Insurance Co. of N. Y.*, 55 R. I. 175, and cases cited.

In another recent case, we had occasion to discuss the character of the affidavits required from both the plaintiff and the defendant under the summary judgment law and there held that the plaintiff's affidavit should be strictly construed and that it must state facts in a clear and unequivocal manner. A plaintiff's affidavit that does not set out facts within the personal knowledge of the affiant is insufficient to support a motion for summary judgment. *Berick* v. *Curran*, C. T., 55 R. I. 193, and cases cited. See also *Riley* v. *Mattingly*, 42 App. D. C. 290; *La Prise* v. *Smith*, 234 Mich. 371.

In the instant case, the plaintiff invoked the aid of the statute by simply stating in his affidavit: "I can swear to the facts of my own knowledge." The facts to which he says he can swear are not stated. This is the extent of his compliance with a requirement of the law that is the main guarantee of the truth of the plaintiff's claim. As a matter of fact, in this case as in the *Berick* case, *supra*, there is no affidavit sufficient in substance to support the plaintiff's motion for summary judgment. Practically all that the plaintiff swears to in his affidavit is that in his opinion there is no defense to the action. The plaintiff's affidavit in aid of a motion for summary judgment is the foundation and not a mere incident of such proceedings. It is not enough to state the nature of the action in the words of the statute and then, without setting out any facts, to conclude with the opinion that there is no defense to the claim. Facts within the personal knowledge of the affiant must be set out in the plaintiff's affidavit sufficiently to apprise the court with reasonable certainty of the truth of the plaintiff's claim.

The general trend of authority is that the affidavit of a defendant, who stands to lose his right of trial by an adverse ruling on the motion for a summary judgment, is to be more liberally construed than that of the plaintiff; yet even a defendant's affidavit must state facts upon the personal knowledge of the affiant sufficient to raise a real issue. General denials or expressions of the defendant's belief, or

conclusions and inferences of law and the like do not meet the requirements of the statute. *Henry W. Cooke Co.* v. *Sheldon,* 53 R. I. 101, 103; *Thompson* v. *Franklin Nat. Bank,* 45 App. D. C. 218; *Hazen* v. *Van Senden,* 43 App. D. C. 161; *Kellogg* v. *Berkshire Bldg. Corp.,* 211 N. Y. Supp. 623; *Sher* v. *Rodkin,* 198 N. Y. Supp. 597. The defendant's affidavit in the case before us, although argumentative with reference to the law that may govern the parties, nevertheless presents facts sufficient to show that the case offers important issues which can only be decided with fairness to all by a trial on the merits.

The questions of fact and law involved in this case should be determined upon a full presentation of all the pertinent facts. The defendant has shown that he is entitled to a trial according to law.

The plaintiff's exception is prematurely before us according to our recent ruling in the *Fisher* cases, *supra,* but even if the plaintiff were properly before us his exception is without merit for the reasons stated.

The plaintiff's exception is overruled and the case is remitted to the superior court for further proceedings.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for defendant.