GENERAL MOTORS ACCEPTANCE CORPORATION

v.

Donna M. JOHNSON.

No. 98–413–Appeal.

Supreme Court of Rhode Island.

Feb. 16, 2000.

Kenneth K. McKay, IV, Cranston, for plaintiff.

Frederick A. Marzilli, East Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on January 26, 2000, pursuant to an order directing the parties to show cause why the defendant's appeal should not be summarily decided. The defendant, Donna M. Johnson (defendant), challenges the entry of summary judgment in favor of the plaintiff, General Motors Acceptance Corporation (plaintiff or GMAC). After reviewing the memoranda submitted by the parties and hearing the oral arguments of counsel, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided at this time.

The defendant purchased a 1991 Chevrolet Camaro on June 12, 1990, from Liberty Chevrolet, Inc. (Liberty). At that time she executed and delivered to Liberty a retail installment sales contract. Liberty subsequently assigned this contract to plaintiff. Pursuant to the contract's terms, defendant was responsible for maintaining physical damage insurance on the vehicle. She did not obtain insurance. Under the contract, plaintiff had the option to purchase insurance for the vehicle if defendant did not. The plaintiff bought an insurance policy and charged the amount of the insurance premium to defendant by adding to defendant's monthly payment the amortized cost of the insurance. The insurance coverage was in effect from December 17, 1990, until December 17, 1991. On January 24, 1992, defendant's car was involved in an accident. The defendant subsequently stopped making payments on the car.

With consent of defendant, a writ of replevin was issued on November 20, 1992.

The still damaged car was repossessed and sold, without having been repaired, at a private auction on February 11, 1993, for $8,500. The plaintiff claimed that a deficiency in the amount of $12,479.93 remained after the sale. The plaintiff initiated this action to recover the deficiency amount. It filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. The defendant opposed the motion for summary judgment by arguing that she made monthly payments to plaintiff which included insurance coverage and also that plaintiff failed to prove that the sale of the vehicle was commercially reasonable.

The motion justice granted plaintiff's motion for summary judgment and entered a judgment in the amount of $19,842.54 (including interest). The motion justice ruled that defendant could not point to any facts which supported her claim that the sale was commercially unreasonable, nor could she provide facts which substantiated her belief that her monthly payments included insurance coverage. The defendant now challenges this ruling.

In reviewing the propriety of an order granting a motion for summary judgment, we must examine the pleadings, affidavits, and other submitted materials in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact are in dispute. *See Volpe v. Fleet National Bank,* 710 A.2d 661, 662 (R.I.1998). If there are none, we then must determine whether the moving party is entitled to judgment as a matter of law. In opposing a motion for summary judgment, the nonmoving party may not rest upon the mere allegations, conclusions, or denials in her pleadings, but rather she has "an affirmative duty to set forth specific facts that show that a genuine issue of fact exists to be resolved at trial." *Id.* at 665 (citing *Boccasile v. Cajun Music Ltd.,* 694 A.2d 686, 690 (R.I.1997); *Sisters of Mercy of Providence, Inc. v. Wilkie,* 668 A.2d 650, 652 (R.I.1996)).

■ In the case at bar, the first issue presented is whether there existed a genuine issue of material fact about whether the sale of the vehicle was commercially reasonable. Under G.L 1956 § 6A–9–504(3), "every aspect of the disposition [of collateral by the secured party] including the method, manner, time, place, and terms must be commercially reasonable." The term "commercially reasonable" is not defined, but, in an action for a deficiency judgment, the secured party bears the burden of "establishing by a preponderance of the evidence that the disposition of the collateral was commercially reasonable." *Associates Capital Services Corp. v. Riccardi*, 454 F.Supp. 832, 834 (D.R.I. 1978). The primary focus of whether a sale is commercially reasonable "is not the proceeds received from the sale but rather the procedures employed for the sale." *In re Zsa Zsa Ltd.*, 352 F.Supp. 665, 671 (S.D.N.Y.1972).

■ In discharging the burden of setting forth facts essential to establishing the commercial reasonableness of the disposal of the collateral, the plaintiff filed the affidavit of Norman J. Zaleski, an assistant secretary of the corporation. This affidavit does not contain any facts which tend to prove that this collateral was sold in a commercially reasonable manner. The affidavit confines its scope to the amount due and owing under the installment sales contract and a conclusory statement that there are no setoffs or counterclaims against the account. Indeed, nothing is mentioned in relation to the commercially reasonable quality of the sale. We have indicated in an advisory opinion to the District Court of Rhode Island in *Associates Capital Services Corp. v. Riccardi*, 122 R.I. 434, 408 A.2d 930 (1979), that there is a presumption that the fair market value of the collateral at the time of resale is equivalent to the amount of the outstanding debt, and that "[t]his view places upon the secured party, rather than upon the debtor, the burden of rebutting the presumption." *Id.* at 440, 408 A.2d at 933–34.

Although defendant challenged the commercial reasonableness of the sale in her affidavit, alleging that the sale was not commercially reasonable because the car was not repaired when it was sold, she was not required to set forth specific facts in light of the failure of plaintiff to establish a prima facie showing that the sale met the requirements of the Uniform Commercial Code. Therefore, we are of the opinion that there is a question of fact in respect to whether the sale made by plaintiff of this automobile after its repossession was commercially reasonable. This question should be submitted to a trial on the merits.

Further, plaintiff's affidavit does not account for the failure to continue collision insurance for this automobile in light of the fact that defendant had previously paid for such a policy that had been purchased by plaintiff to protect its interest. In her affidavit, defendant indicated that she had been led to believe that this policy would be continued. Since plaintiff's affidavit was completely silent on this subject, we are of the opinion that a question of fact concerning the propriety of the failure to renew the collision insurance policy was raised in the exchange of affidavits.

■ In this instance, plaintiff did not establish a prima facie case on all elements necessary to become entitled to judgment as a matter of law, and, therefore, its motion should have been denied despite the shortcomings of the counter affidavit. *See Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981) (questions of fact should not be resolved in a motion for summary judgment); *Minuto v. Metropolitan Life Insurance Co.*, 55 R.I. 201, 179 A. 713 (1935) (same). The duty of a Superior Court justice in passing upon a motion for summary judgment is issue finding rather than issue resolution. *See McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I.1990) ("trial justice may search for the existence of

factual issues but may not determine them"); *Steinberg,* 427 A.2d at 340 (same).

For the foregoing reasons, we conclude that the motion justice erred in granting summary judgment on the basis of the affidavits presented. Therefore, the defendant's appeal is sustained and the summary judgment entered is vacated. The case is remanded to the Superior Court for trial on the merits.