Barbara **RUBERY** et al.

v.

The **DOWNING CORPORATION** et al.

No. 99–359–Appeal.

Supreme Court of Rhode Island.

Nov. 1, 2000.

Paul A. Lancia, Providence, for Plaintiff.

Patrick B. Landers, New York City, Amy Vignali Coleman, R. Kelly Sheridan, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

# OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on September 26, 2000, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. One of the defendants, The Downing Corporation (Downing), appealed a Superior Court summary judgment in favor of the co-defendant, Harvard Pilgrim Health Care of New England (Harvard Pilgrim), on Harvard Pilgrim's cross-claim against Downing. After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided summarily.

The plaintiffs, Barbara Rubery (Barbara) and Albert Rubery, filed suit in Superior Court against both Downing and Harvard Pilgrim, alleging that Barbara fell on an icy walkway after leaving a building owned by Downing and leased by Harvard Pilgrim as a health-care facility, which she visited to retrieve a prescription. Harvard Pilgrim and Downing filed cross-claims, each claiming the right under the lease to be defended and indemnified by the other, and both filed motions for summary judgment. The trial justice granted Harvard

Pilgrim's motion, finding that Downing has the obligation to defend and indemnify Harvard Pilgrim in this action. Downing appealed.

"This Court reviews the granting of a motion for summary judgment on a *de novo* basis, applying the same criteria as the trial court." *Carlson v. Town of Smithfield,* 723 A.2d 1129, 1131 (R.I.1999). When a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, this Court will affirm the trial justice's grant of summary judgment. *Id.*

■ It is our opinion that the lease is clear and unambiguous in providing that Downing defend and indemnify Harvard Pilgrim in the slip-and-fall action. The pertinent lease provisions are sections 16.3 and 11.2. Under section 16.3, Downing agreed to defend and indemnify Harvard Pilgrim for all claims arising from "(i) injury to or death of any person, or damage to or loss of property, in the Common Space and/or in connection with the use or condition of the Common Space."[1] Section 11.2 states that Downing "shall provide snow clearing and maintenance to the surface parking area and ingress & egress ways." From these provisions it is clear that the parties intended for Downing to be responsible for injuries on the walkway.[2]

Downing argued that Harvard Pilgrim must indemnify it under section 16.2(i), which provides that Harvard Pilgrim must indemnify Downing for injuries "connected with the use, condition or occupancy of the Premises,"[3] and argued that the conflict-

---

1. Defined as "[a]ll of the area within the Property, but outside the Premises." In section 2.2 titled "Common Facilities," which defines the rights appurtenant to the premises, subsection (b) states that tenant shall have the right to use "common walkways, driveways necessary for access to the Property, and common parking areas and facilities on the Property (*the 'Common Space'*)." (Emphasis added).

2. In her bench decision, the motion justice reacted to hypothetical situations posed by counsel and by apparently conceding that Harvard Pilgrim might be liable under certain circumstances. None of these conditions, however, is even remotely applicable in this case.

3. The "use" of the "Premises" is defined as an "ambulatory care facility." "Premises" is defined in the lease as "First, second, third, fourth and fifth levels of Building 1A and a

ing indemnity provisions create at least a question of fact, making the grant of summary judgment inappropriate. We disagree.

It is true that "[a]n ambiguity in a contract cannot be resolved on summary judgment." *Rotelli v. Catanzaro*, 686 A.2d 91, 95 (R.I.1996). However, "a contract is ambiguous only when it is reasonably and clearly susceptible of more than one interpretation." *Id.* at 94; *Paradis v. Greater Providence Deposit Corp.*, 651 A.2d 738, 741 (R.I.1994). A well-settled rule of contract interpretation is that "[i]n determining whether a contract is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." *Rotelli*, 686 A.2d at 94 (quoting *Paradis*, 651 A.2d at 741). Viewing the lease in its entirety, we hold that it is only reasonably and clearly susceptible of one interpretation, namely, that Downing be responsible for injuries that occur on the walkways and that Harvard Pilgrim be responsible for injuries that occur in the premises.

Downing also maintained that even if Harvard Pilgrim was not responsible under section 16.2(i) of the lease, Harvard Pilgrim must indemnify Downing under a duty-to-warn theory. Under this theory, Downing argued that a jury could find that Downing was not negligent in maintaining the walkway, because the employees of Harvard Pilgrim failed to warn Barbara of the icy conditions on the path where she fell. In that scenario, Downing argued, Harvard Pilgrim would have to indemnify Downing under, among other provisions, section 16.2(iii), which provides that Harvard Pilgrim must indemnify Downing for "any act, fault, omission, or other misconduct" of Harvard Pilgrim or its employees. Downing contended that at least a ques-

tion of fact exists with regard to breach of Harvard Pilgrim's duty to warn, thereby making summary judgment inappropriate.

"[T]he determination of whether a duty exists is a legal issue for the court to decide." *Hennessey v. Pyne*, 694 A.2d 691, 697 (R.I.1997) (quoting *Kenney Manufacturing Co. v. Starkweather & Shepley, Inc.*, 643 A.2d 203, 207 (R.I.1994)). In making this determination, "'no clear-cut formula * * * exists.'" *Hennessey*, 694 A.2d at 697. Rather, "'we consider all relevant factors, including the relationship of the parties, the scope and burden of the obligation to be imposed upon the defendant, public policy considerations, and notions of fairness.'" *Id.* It is our opinion that under these circumstances, Harvard Pilgrim had no duty to warn a client who had shortly before entered the premises and knew of the existing conditions. Additionally, Harvard Pilgrim owed no duty to warn Barbara because Downing had accepted responsibility for the area where the injury occurred. Arguably, if anyone had the duty to warn of dangerous conditions, it was Downing.

Our holding in this appeal addresses only the trial justice's grant of summary judgment on the cross-claims of Harvard Pilgrim and Downing. Harvard Pilgrim continues as a defendant in the plaintiffs' case against both defendants.

For these reasons, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers of the case may be returned.

---

portion of Building 1B located at 167 Point Street, Providence, Rhode Island (the 'Building')."