DECISION
This matter is before the Court on cross-motions for summary judgment. This Court has jurisdiction pursuant to the Uniform Declaratory Judgment Act, G.L. 1956 § 9-30-1.
 Facts and Travel
On July 13, 1997, Defendant Michael Beausoleil ("Beausoleil") was injured while riding an amusement ride called the "Spaceball" at the Crime Prevention Community Fair held on the West Warwick Civic Center Grounds. Mr. Beausoleil was harnessed at his feet and shoulders into the Spaceball ride. Mr. Beausoleil alleges that the shoulder harness released during the ride causing him permanent injury. The Spaceball ride was owned by the West Warwick Police Department, and was operated by a West Warwick police officer at the time Mr. Beausoleil was injured. Tickets for the ride were sold by the West Warwick Police Department. Mr. Beausoleil sued for his injuries in a companion case, K.C. No. 00-515, Michael Beausoleil v. Amron Family Fun Fare, Inc, et al.
Amron Family Fun Fare, Inc, ("Amron") and the Town of West Warwick agreed to provide services for the Crime Prevention Community Fair held from July 10, 1997 to July 13, 1997. Under that agreement, the West Warwick Police Department agreed to provide all licenses and permits for the fair, while Amron provided amusements for the fair. Prior to the Crime *Page 2 
Prevention Community Fair, T.H.E. Insurance Company ("THE") issued a General Liability Coverage insurance policy ("insurance policy" or "policy") to Amron under policy number 0097MF6077. This insurance policy was in effect at the time Mr. Beausoleil sustained his injuries.
Amron filed the instant case, a petition for declaratory judgment against THE to determine whether coverage exists under the insurance policy, and to pay any claim in the event that judgment enters in favor of Mr. Beausoleil in the companion case for damages arising out of the use and/or operation of the Spaceball ride on July 13, 1997. Mr. Beausoleil moved to intervene as an interested party pursuant to Super. R. Civ. P. 57, alleging an interest in determining if insurance coverage exists to cover any damages he may have set forth in the complaint of the companion case. This Court granted the motion to intervene on May 6, 2008, and Mr. Beausoleil became a defendant in the present case.
Mr. Beausoleil filed a motion for summary judgment on September 9, 2008. THE filed an objection to Mr. Beausoleil's motion for summary judgment on October 7, 2008. Additionally, THE filed a cross motion for summary judgment on October 7, 2008. The motions came for hearing before this Court on October 27, 2008.
 Analysis
All parties present at the hearing agreed that it is now appropriate to determine the potential for liability coverage at this preliminary stage, to the extent permitted by Super. R. Civ. P. 56. Accordingly, this Court will not discuss arguments set forth by Mr. Beausoleil that rely on the liability of Amron for the injury that occurred.[1] *Page 3 
Our Supreme Court has stated that in "insurance cases, the concern is ordinarily not with the question of `culpability' or why the injury occurred, but only with the nature of the injury and how it physically happened, which must then be compared with the language of the insurance policy to determine whether this type of injury from this type of physical cause was intended to be covered by the policy." AmericanCommerce Insurance Company v. Porto, 811 A.2d 1185, 1195 (R.I. 2002) (quoting Couch on Insurance 3d § 101:41 at 101-131-32.) InPorto, the court held "if the type of injuries suffered are excluded from coverage under the language of the policy, no right to coverage or duty to defend the insured exists — even if . . . the insured's conduct is an alleged proximate cause of the injuries in question."Id. at 1195.
This Court is to "analyze the contested terms of an insurance policy according to the same rules established for the interpretation of other contracts." Robinson v. Mayo, 849 A.2d 351, 357 (R.I. 2004) (quotingMendez v. Brites, 849 A.2d 329, 337-38 (R.I. 2004)). The court does not need to construe the contractual provisions unless the terms are ambiguous. Id. "When the terms are clear, [the court] will apply them as written, giving the language its `plain, ordinary and usual meaning.'"Id. This Court is bound, however, "to respect the express terms and conditions of an insurance contract that are not in violation of public policy." Id. This Court will "accord equal importance to all relevant parts of the [contract] and not simply establish ambiguity by viewing a word in isolation or by taking a phrase out of context." Amica MutualInsurance Co. v. Streicker, 583 A.2d 550, 552 (R.I. 1990) (citingHughes v. American Universal Insurance Co., 423 A.2d 1171, 1173 (R.I. 1981)).
At the hearing, Mr. Beausoleil claimed that executive officers and joint venturers are explicitly "insured" under the THE policy, and as such, they are responsible for their managerial *Page 4 
acts. The policy language cited by Mr. Beausoleil, however, states otherwise. Mr. Beausoleil alleges a joint venture is insured for personal injury under Section II, entitled "Who Is An Insured," subsection 2(a)(1)(a). This section states that:
 "2. Each of the following is also an insured:
 a. Your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However none of these "employees" is an insured for:
 1. "Bodily injury" or "personal injury":
 (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business."
This language must be read in concert with the preceding section, Paragraph 1 which states "[i]f you are designated in the Declarations as: . . . (b) A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business." (THE Policy, CG 00 01 01 96, pg 7). Our Supreme Court has stated that the declarations page of an insurance contract is of "paramount importance" because it is a personalized document prepared for the insured, and the consumer seldom reads the detailed provisions of the policy. Sentry Ins. Co. v.Grenga, 556 A.2d 998, 1000 (R.I. 1989). Viewing the clear and plain language of the policy as a whole, this Court finds the insurance policy indicates that the "Declarations" page must designate that the insured party is engaged in a joint venture to be considered a joint venturer insured under the insurance policy. See Amica, 583 A.2d at 552. The "Declarations" page does not include the Town of West Warwick, the West Warwick Police Department, or any other entity. It does not state that Amron is involved *Page 5 
in any joint venture. Accordingly, the policy cannot be read as providing insurance coverage for any joint ventureship alleged by Mr. Beausoleil.
At the hearing, THE relied on the "Description of Hazards" endorsement modifying the Commercial General Liability Declarations, which states that "Coverage Extends Only To Those Items Scheduled Herein Or Endorsed To The Policy." (THE Policy, CG 150 (0795)). The attached schedule lists several amusement rides owned by Amron; however, the Spaceball ride isnot listed in this schedule. The attached schedule also states in capital letters, "COVERAGE EXTENDS ONLY TO THOSE ITEMS SCHEDULED HEREIN OR ENDORSED ONTO THE POLICY." (THE Policy, Schedule, 0097MF6077). Mr. Beausoleil responds that the insurance policy does not specifically exclude all other rides. The terms of the policy are clear: Coverage extends only to the amusement rides listed in the schedule. The policy terms in the "Description of Hazards" and the attached schedule are clear and unambiguous. Our Supreme Court has stated that a contract is ambiguous if it is "reasonably and clearly susceptible of more than one interpretation." Garden City Treatment Center, Inc. v. CoordinatedHealth Partners, Inc., 852 A.2d 535, 541-42 R.I. 2004) (quotingRubery v. Downing Corp., 760 A.2d 945, 947 (R.I. 2000)). There is only one plain, ordinary and usual meaning for the words of the THE insurance policy. This Court finds coverage extends only to the amusement rides listed in the attached schedule. Because the Spaceball ride is not listed, it is not covered under the insurance policy. Additionally, because no joint venture is specifically referenced in the insurance policy, no joint venture is insured. *Page 6 
 Conclusion
This Court finds that the insurance policy does not provide coverage for Mr. Beausoleil's alleged injuries, sustained as a result of the Spaceball ride.[2] Accordingly, THE's motion for summary judgment is granted, and Mr. Beausoleil's motion for summary judgment is denied.
[1] Mr. Beausoleil presents several arguments in his Memorandum in Support of Defendant Michael Beausoleil's Motion for Summary Judgment, relying on negligence principles, including the duty that Amron may have owed to Mr. Beausoleil to inspect the Spaceball ride, and Amron's alleged breach of that duty. These issues go to the liability of Amron, and not insurance coverage under THE's insurance policy. Thus, these issues are not necessary to address at this time.
[2] Mr. Beausoleil additionally relies on the "Amusement Ride Safety Act," G.L. § 23-34.1-1, et. seq., claiming that the Act places an obligation on the insurer to provide coverage for inspection, or failure of inspection on the amusement rides. The Amusement Ride Safety Act places the responsibility for inspection on the owner of the amusement ride. Mr. Beausoleil relies on §§ 23-34.1-5 and 23-34.1-6. Section 23-34.1-5(3) requires a temporary amusement device to be inspected upon the amusement ride's first entry into the State of Rhode Island, and at least once a year thereafter by an engineer or qualified inspector
While negligence may be imputed via this section, insurance coverage is not. The issue in this declaratory judgment action is whether coverage exists, not whether negligence occurred. Our Supreme Court has established that "[t]he role of the judicial branch is not to make policy, but simply to determine the legislative intent as expressed in the statutes enacted by the General Assembly." Chambers v.Ormiston, 935 A.2d 956, 965 (R.I. 2007). The court cannot stretch an allegation of negligence to infer insurance protection, it must look to the terms of the insurance policy.