February 16, 2024

**Supreme Court**

No. 2022-348-Appeal.
(PC 13-6271)

Angelo Riccitelli          :

v.          :

The Town of North Providence,          :
      by and through its
Finance Director, Maria Vallee.

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

Angelo Riccitelli                    :

v.                                   :

The Town of North Providence,        :
     by and through its
Finance Director, Maria Vallee.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The defendant, the Town of North

Providence (North Providence or the town), by and through its Interim Director of

Finance, Maria Vallee, appeals from the Superior Court's entry of summary

judgment in favor of the plaintiff, Angelo Riccitelli.[1]  The town contends that the

hearing justice erred in granting Riccitelli's motion for summary judgment because:

(1) she did not consider the town's proffered extrinsic evidence; (2) Riccitelli's

motion was improperly framed; (3) Riccitelli failed to show the absence of any issue

of material fact; and (4) the provision of the collective bargaining agreement at issue

---

[1] When this action was filed, Vallee was named as a defendant, but was not, in fact, the town's Finance Director; she has since assumed the office of Interim Director of Finance and Town Treasurer.

- 1 -

was ambiguous. For the reasons stated in this opinion, we vacate the judgment of the Superior Court.

## I

## Facts and Travel

The case at bar turns on the meaning of "monthly net pay" in the collective bargaining agreement between the town and Local 2334 of the International Association of Firefighters, AFL-CIO (the union).

Riccitelli was previously employed by North Providence as a firefighter. On July 16, 2007, he suffered a work-related injury. While on injured-on-duty (IOD) status, pursuant to G.L. 1956 § 45-19-1, the town compensated Riccitelli in the amount of his full salary. These IOD payments were not reduced for state or federal tax deductions.

After his retirement on May 7, 2010, Riccitelli began collecting an accidental disability pension at a rate of sixty-six and two-thirds percent of his salary. Under the collective bargaining agreement in effect at the time, the town was required to provide Riccitelli with a "supplemental pension payment" equal to the difference between this pension and the "monthly net pay" that he received at retirement, less any pension deductions.

On December 11, 2013, Riccitelli filed a complaint against the town in Providence County Superior Court. He alleged that the town had failed to pay him

the full sum obliged by the collective bargaining agreement. He claimed that the agreement required payment of the difference between his pension and his "firefighter's salary." He requested judgment against the town in an amount to be proven at trial, along with statutory interest, attorneys' fees, and costs.

The town filed its answer on March 13, 2014, admitting that Riccitelli was entitled to supplemental pension payments under the agreement, but denying that the agreement contemplated payment of the difference between Riccitelli's pension and his full salary. In its answer, the town quoted a provision of the collective bargaining agreement providing for "[m]onthly payments to the [affected] employees in an amount to equal to [*sic*] the difference between the pension benefit and the monthly net pay the employee received at retirement (not including pension deductions)."[2] (Emphasis omitted.) The town maintained that all relevant provisions in the agreement "must be consulted in their entirety and in context to determine their applicability and import." It further submitted that the Superior Court lacked subject-matter jurisdiction over Riccitelli's claim because the amount in controversy was less than $5,000.

---

[2] Notably, this short quotation is the only excerpt of the collective bargaining agreement in the record.

On August 11, 2021, Riccitelli filed a motion for summary judgment on liability alone.[3] He attached three exhibits to the motion: a document entitled "Employers' Certification of Retirement and Final Wages"; the town's March 2014 answer; and a compilation of W-2 and 1099-R forms dating from 2009 to 2016. These exhibits were not accompanied by an affidavit or otherwise authenticated.

In his memorandum in support of the motion, Riccitelli argued that his "monthly net pay" under the collective bargaining agreement should equal his gross pay, less any "lawful deductions" actually reducing that pay at the time of his retirement. He asserted that the "plain language" of the agreement required this interpretation. He did not, however, provide a copy of the agreement; instead, he cited the short quotation included in the town's answer, which he referred to as "Article 11, Section 3[.]"

Riccitelli characterized his appended compilation of W-2 and 1099-R forms as evidence that the only deductions from his salary at the time of his retirement were for "AFLAC and Health Insurance[.]" He claimed that the correctly calculated supplemental pension payment would total "less than" approximately $16,791.48 annually.

---

[3] The seven-year delay between the town's answer and further activity in the case is not explained in the record.

The town filed an objection to the motion, accompanied by an affidavit from Vallee. Vallee described her duties as including calculating firefighter retirees' pension payments. She stated that "[f]or as far back as [she could] recall, the [t]own has calculated the supplemental pension payment for all eligible firefighters by deducting, among other things, federal and state income taxes." According to Vallee, the town's "long and consistent practice" was "to derive 'monthly net pay' for purposes of calculating supplemental pension payments by deducting from an employee's total gross pay federal income taxes, state income taxes, social security, Medicare, and RI TDI[,] whether or not such deductions were then actually being withheld from an employee's gross pay" and "to disregard all other deductions (such as AFLAC, union dues, health insurance contributions, etc.) even if such deductions were then actually being withheld from an employee's gross pay."

Vallee also referenced a document calculating Riccitelli's supplemental pension payment that was attached to her affidavit. Vallee averred that it was "[her] recollection that [she] went over [the document's] contents with Mr. Riccitelli in the presence of the firefighters' union president on November 21, 2010 and that Mr. Riccitelli reviewed and signed it." She further stated that "at just about every pension supplemental calculation review that [she had] conducted over the years with firefighters retiring due to disability, the firefighters' union president has also attended." The attached document indicated that, given Riccitelli's total gross pay

- 5 -

of $49,395.33 and total pension of $32,930.39, after taking into account deductions for federal and state taxes, Social Security, Medicare, and TDI, the town would provide him with supplemental pension payments totaling $5,624.33 annually.

In its objection to the motion for summary judgment, the town acknowledged that it "ha[d] already admitted that Riccitelli is entitled to receive a supplemental pension benefit." It noted that, given this concession, its liability "depend[ed] in part upon the meaning of the phrase 'monthly net pay'" within the collective bargaining agreement.

The town first argued that "because [Riccitelli] failed to * * * properly frame his motion for summary judgment, it must be denied." The town faulted Riccitelli for "submitt[ing] documents attached to his memorandum but fail[ing] to authenticate those documents via the affidavit of a competent person with personal knowledge." It additionally submitted that summary judgment was unavailable without the benefit of the entire collective bargaining agreement, arguing that the hearing justice "[could not] simply look at the snippet from the [agreement] that the [t]own has forthrightly admitted * * * applies to Riccitelli and determine thereon that the [t]own is liable to him as he claims" or, indeed, "whether the admittedly applicable provision is ambiguous * * *." The town did not, however, provide a copy of the agreement or indicate how its text might undermine Riccitelli's interpretation of "monthly net pay."

The town then contended that summary judgment was unavailable because the agreement provision was "ambiguous on its face * * *." After arguing that the word "monthly" was itself ambiguous, it noted that "net" implied some deductions to the employee's full salary, but that the contested provision of the agreement did not indicate which deductions should be taken. It claimed that the phrase "monthly net pay" suggested "that the amount [of net pay] is known and is calculable in advance" of the month before retirement and asserted that "it would make no sense to calculate" a payment supplementing a pension without including deductions that are "anticipated to occur on an annual basis, such as federal and state income taxes."

The town also characterized Riccitelli's interpretation of "monthly net pay" as producing an absurd result. It reasoned that "calculating Riccitelli's supplemental pension payments without taking into account tax deductions [would] put[] him in a better position than had he not been disabled, contrary to the obvious intent of the provision." The town also argued that Riccitelli's interpretation of "monthly net pay," if taken to its "nonsensical extreme," would negate Riccitelli's own entitlement to any supplemental pension payments.

The town further submitted that Vallee's affidavit "raises genuine issues of material fact as to the meaning and implementation" of "monthly net pay." It also suggested that Riccitelli had waived his right to challenge the payment amount by signing the calculation document attached to Vallee's affidavit.

On November 2, 2021, the parties appeared before the hearing justice at a videoconference. The town and Riccitelli largely renewed their briefed arguments. The hearing justice emphasized that the collective bargaining agreement was the product of significant negotiation. Contrasting the provision in the agreement with the language of § 45-19-1, "the IOD statute," the hearing justice noted that the agreement provision made no reference to the pay that a firefighter would have received if he or she had not been incapacitated.

The town argued that the hearing justice should consider the evidence of the town and union's conduct described in Vallee's affidavit. Notably, it disavowed its previous suggestion that Riccitelli had waived his opportunity to object to the supplemental pension payment amount. Instead, it submitted that Riccitelli's meeting with Vallee and the union president was evidence that Riccitelli "acted in conformity with the longstanding historical course of conduct between the union and the town and the finance director with respect to calculating the supplement." The hearing justice replied that, if she found the agreement's language "clear and unambiguous[,]" she would not consider the extrinsic evidence proffered by the town.

The hearing justice then announced her decision, finding the agreement provision at issue to be "clear and unambiguous" in its support of Riccitelli's proposed calculation of the supplemental pension payment. She emphasized that the

agreement could have adopted language referencing the pay that a firefighter would have received if he or she had not been incapacitated, but that the agreement instead refers specifically to "the time of retirement." She noted that an "interpretation that reduces certain words to the status [of] surplusage should be rejected[,]" and highlighted that the agreement's language was the product of careful negotiation. The hearing justice rejected the town's request to "go beyond the language" of the agreement to "look at the practice of the parties" to the contract, explaining that she could not do so "after finding [the agreement's] language to be clear and unambiguous * * *." An order granting Riccitelli's motion for summary judgment entered on July 22, 2022.

On July 13, 2022, Riccitelli moved for a hearing to assess damages. He claimed that the town had underpaid him by $903.39 per month from the date of his retirement, or $133,701.72 in total as of the date of the hearing. Riccitelli requested judgment in that amount, along with an order directing the town to pay him $1,372.08 each month until August 11, 2030, when he would be placed on ordinary retirement.

On September 14, 2022, the parties advised that they would "soon be submitting a stipulated judgment for entry by a justice of the Superior Court." A judgment entered by agreement of the parties on September 22, 2022. The judgment required the town to pay Riccitelli a sum of $133,701.72, in addition to $1,372.08

each month, beginning in October 2022, until August 11, 2030. It stayed Riccitelli's rights to enforce the judgment, as well as the town's obligation to compensate him, pending final disposition of an appeal. The town filed a timely notice of appeal to this Court on September 23, 2022.

## II

## Standard of Review

"This Court reviews *de novo* a decision of the Superior Court to grant summary judgment, 'applying the same rules and standards as those employed by the justice' below." *Benaski v. Weinberg*, 899 A.2d 499, 502 (R.I. 2006) (quoting *Roe v. Gelineau*, 794 A.2d 476, 481 (R.I. 2002)). "We will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (brackets omitted) (quoting *Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 638 (R.I. 2005)). "Our analysis of a [collective bargaining agreement] 'is guided by long-established rules of contract interpretation.'" *Botelho v. City of Pawtucket School Deptartment*, 130 A.3d 172, 176 (R.I. 2016) (quoting *State v. Rhode Island Employment Security Alliance, Local 401, SEIU, AFL-CIO*, 840 A.2d 1093, 1096 (R.I. 2003)).

- 10 -

## III

## Discussion

The parties agree that, under the collective bargaining agreement, the town must make supplemental pension payments to Riccitelli in the amount of the difference between his pension and his "monthly net pay" at the time of retirement. The question before this Court concerns whether the phrase "monthly net pay" unambiguously refers to the compensation that Riccitelli was in fact receiving at the time of his retirement, which was not reduced for state and federal tax deductions.

Given our rationale for vacating the judgment, however, we need not address the parties' arguments as to the ambiguity, or lack thereof, of the phrase "monthly net pay." Rather, we find the town's argument that summary judgment was improper because the collective bargaining agreement was not in the record to be dispositive. The town argues that the hearing justice could not determine "whether the admittedly applicable provision was ambiguous" without reviewing the entire agreement. It also emphasizes that it has always maintained that the relevant agreement provisions "speak for themselves and must be consulted in their entirety and in context to determine their applicability and import."

Riccitelli counters that the town, as the party claiming that the provision is ambiguous, should bear the burden of providing the agreement. He further criticizes the town for failing to indicate how the agreement's text might support its position.

Our long-established rules of contract interpretation dictate that "when considering whether a contract is clear and unambiguous, the document must be viewed in its entirety * * *." *Garden City Treatment Center, Inc. v. Coordinated Health Partners, Inc.*, 852 A.2d 535, 542 (R.I. 2004) (internal quotation marks omitted) (quoting *Rubery v. Downing Corporation*, 760 A.2d 945, 947 (R.I. 2000)). Our insistence on reviewing the entire contract is not mere formalism. Reading an ostensibly clear term in context will sometimes reveal its true ambiguity. *See, e.g.*, *Premier Home Restoration, LLC v. Federal National Mortgage Association*, 245 A.3d 745, 749 (R.I. 2021) (finding that language contemplating a short period between contract and closing rendered a provision requiring purchasers to pay all accruing costs ambiguous). Moreover, Riccitelli's own briefing exposes the risks of interpreting this provision without the benefit of the original contract. In his brief to this Court, he implies, by adding the term "[*sic*]," which was not present in the quotation originally provided in the town's answer, that there is a typographical error in the very excerpt on which he asks us to rely, to wit: "an amount to equal to * * *."

Critically, summary judgment could be granted in the case at bar only if "monthly net pay" was found to be unambiguous. This is so because an ambiguous term whose meaning is disputed by the parties constitutes an issue of material fact not amenable to summary judgment. *See Rotelli v. Catanzaro*, 686 A.2d 91, 95 (R.I. 1996); *Garden City Treatment Center, Inc.*, 852 A.2d at 541.

- 12 -

Without the agreement in the record, Riccitelli failed to carry his initial burden as the party moving for summary judgment. "The moving party bears the initial burden of demonstrating the absence of questions of material fact." *Mills v. State Sales, Inc.*, 824 A.2d 461, 467 (R.I. 2003). As noted, the town has consistently maintained that the provision must be read in the context of the entire agreement, and Riccitelli could not prevail at summary judgment without a finding that the meaning of "monthly net pay" was unambiguous within that agreement. Riccitelli thus left open a conspicuous question of fact—the content of the collective bargaining agreement—that was material to a judgment in his favor. Summary judgment should have been denied on that basis. *Cf. General Motors Acceptance Corporation v. Johnson*, 746 A.2d 122, 124-25 (R.I. 2000) (holding that secured party moving for summary judgment failed to meet its initial burden where it did not present a prima facie case of an element necessary to its entitlement to judgment as a matter of law).

Riccitelli's attempt to saddle the town with the obligation to provide the collective bargaining agreement is unavailing. When the moving party does not carry its initial burden, the motion for summary judgment should be denied "despite the shortcomings" of the nonmoving party's response. *General Motors Acceptance Corporation*, 746 A.2d at 124; *see also Superior Boiler Works, Inc. v. R.J. Sanders, Inc.*, 711 A.2d 628, 633 (R.I. 1998) ("[A] party opposing summary judgment need

not come forward with any evidence of its own" where "the materials submitted by the movant reveal a factual dispute or indicate that the movant is not entitled to judgment as a matter of law.").

Accordingly, we hold that the hearing justice erred in granting the motion for summary judgment. In neglecting to enter the entire collective bargaining agreement into the record, Riccitelli fell short of his initial burden as the party moving for summary judgment.[4] The motion should have been denied as a result.

## IV

## Conclusion

For the reasons stated herein, we vacate the judgment of the Superior Court. The record shall be returned to the Superior Court for further proceedings consistent with this opinion.

---

[4] As this holding is dispositive of this appeal, we do not address the other arguments raised by the town.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Angelo Riccitelli v. The Town of North Providence, by and through its Finance Director, Maria Vallee. |
| **Case Number** | No. 2022-348-Appeal.<br>(PC 13-6271) |
| **Date Opinion Filed** | February 16, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Sonja L. Deyoe, Esq. |
| | For Defendant:<br><br>Vincent F. Ragosta, Jr., Esq. |